IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number:  07-60695-Civ-Martinez-Bandstra

RICHARD FRESCO, CARLOS BARRETT, JEFFREY
HY, MARY ANN COLLIER, ROY McGOLDRICK,
ROBERT PINO, JOEL LEVINE, KENNETH W.
HERETICK, and RUSSELL V ROSEN,

                                                                                   **CLASS ACTION COMPLAINT**
        **Plaintiffs,**                                       **JURY TRIAL DEMAND**

vs.

R. L. POLK & CO., a Delaware corporation and
ACXIOM CORPORATION, a Delaware corporation,

        **Defendants.**

_____/

**PLAINTIFFS' THIRD AMENDED CLASS
ACTION COMPLAINT AND JURY TRIAL DEMAND**

Plaintiffs, RICHARD FRESCO, CARLOS BARRETT, JEFFREY HY, MARY ANN

COLLIER, ROY McGOLDRICK, ROBERT PINO, JOEL LEVINE, KENNETH W.

HERETICK, AND RUSSELL V. ROSEN, individually and on behalf of all others similarly

situated ("**Plaintiffs**" and the "**Class Members**") and in accordance with this Court's Order

dated May 31, 2007 (DE 3) file this Second Amended Class Action Complaint and Jury Trial

Demand against Defendants, R.L. POLK & CO., a Delaware corporation and ACXIOM

CORPORATION, a Delaware corporation and allege as follows:

**THE PARTIES, JURISDICTION AND VENUE**

**Parties**

1.    **Plaintiffs, RICHARD FRESCO, JEFFREY HY, MARY ANN COLLIER,**

**ROY McGOLDRICK, and ROBERT PINO** are residents of Broward County, Florida, who

have at all times material to this action owned motor vehicles registered with the Department of

**Exhibit "A"**

Highway Safety and Motor Vehicles, State of Florida ("**DHSMV**"), and have held Florida driver's licenses issued by the DHSMV. **Plaintiff, CARLOS BARRETT,** is a resident of Miami-Dade County, Florida, who has at all times material to this action owned a motor vehicle registered with the DHSMV and has held a Florida driver's license issued by the DHSMV. **Plaintiff JOEL LEVINE,** is a resident of Palm Beach County, Florida, who has at all times material to this action owned a motor vehicle registered with the DHSMV and has held a Florida driver's license issued by the DHSMV. **Plaintiff KENNETH W. HERETICK,** is a resident of Pinellas County, Florida, who has at all times material to this action owned a motor vehicle registered with the DHSMV and has held a Florida driver's license issued by the DHSMV. **Plaintiff, RUSSEL V. ROSEN,** is a resident of Collier county, Florida, who has at all times material to this action owned a motor vehicle registered with the DHSMV and has held a Florida driver's license issued by the DHSMV.

3.      Defendant, R. L. POLK & CO. ("**POLK**"), is a Delaware corporation with its principal place of business in Southfield, Michigan, and which, at all times material to this action, has been authorized to do business and has been doing business in this District and throughout the State of Florida.

4.      Defendant, ACXIOM CORPORATION ("**ACXIOM**"), is a Delaware corporation with its principal place of business in Little Rock, Arkansas, and which, at all times material to this action, has been authorized to do business and been doing business in this District and throughout the State of Florida.

*Richard Fresco, et al v. R.L. Polk & Co.*
Case No.: 07-60695-Civ-Martinez-Bandstra
Third Amended Class Action Complaint

## Jurisdiction

5.     This Court has jurisdiction of this matter pursuant to the provisions of the federal Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-2725 ("DPPA"), and 28 U.S.C. § 1331.

6.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because: (i) the Defendants' conduct giving rise to the claim that is the subject of this action occurred throughout the State of Florida including the Southern District of Florida; (ii) each Defendant transacts business, committed an illegal or tortious act in, maintains agents or representatives in, or is otherwise found, in this District; and (iii) millions of licensed drivers and owners of registered motor vehicles residing in this District have suffered and will continue to suffer the same harm and damages as the named Plaintiffs as a result of Defendants' wrongful conduct in violation of the DPPA.

## Allegations Regarding the Class Representative Plaintiffs

7.     Each of the Plaintiffs has "personal information" or "highly restricted personal information" in "motor vehicle records" maintained by the DHSMV, within the meaning of 18 U.S.C. § 2725.

8.     From April 1, 1998 to the present, Defendants POLK and ACXIOM have knowingly obtained, disclosed, or used each Plaintiff's and the Class Member's personal information and highly restricted personal information from the DHSMV motor vehicle records for purposes not permitted by the DPPA.

9.     None of the Plaintiffs has given his or her express consent to the DHSMV, or his or her written consent to any of the Defendants, to obtain, use, or disclose any personal

information or highly restricted personal information from their driver's license or motor vehicle records.

10.     Pursuant to 18 U.S.C. § 2724, Defendants are liable to Plaintiffs for actual and statutory damages. Plaintiffs are also entitled to equitable relief pursuant to 18 U.S.C. § 2724(b)(4).

## Class Representation Allegations

11.     This suit is properly maintained as a class action under Federal Rule of Civil Procedure 23. From April 1, 1998 through and including the present date, each Defendant knowingly obtained, used, or disclosed personal information, and/or highly restricted personal information, of Plaintiffs and the Class Members for purposes not permitted by the DPPA. Upon information and belief, millions of individuals who have driver's licenses issued by the DHSMV and/or who have motor vehicles registered with the DHSMV have been subjected to the unlawful practices of the Defendants in violation of the DPPA.

## Class Definition

12.     The Class or Class Members consist of:

> All persons whose Personal Information or Highly Restricted Personal Information was obtained, used, or disclosed by any of the Defendants for purposes not permitted by the DPPA without the express consent of the person to whom such information pertains, including the Plaintiffs and all others similarly situated, between April 1, 1998 and the time the Court grants class certification and/or final judgment in this case.

> Excluded from the class are all federal judges and members of their families within the third degree of consanguinity, and employees, officers, and directors of the Defendants.

The Plaintiffs reserve the right to subsequently redefine the Class in light of discovery.

*Richard Fresco, et al v. R.L. Polk & Co.*
Case No.: 07-60695-Civ-Martinez-Bandstra
Third Amended Class Action Complaint

13.     The exact number and identity of Class Members is unknown to Plaintiffs, but can be determined from the records of Defendants and those of the applicable state DHSMV. Upon information and belief, the number of Class Members exceeds several million, making separate joinder of each member extremely impracticable if not impossible.

14.     The claims of Plaintiffs raise questions of law or fact common to the questions of law or fact raised by the claims of each Class Member. Common factual and legal questions include:

(a)     Whether Defendants obtained, disclosed or used Plaintiffs' and Class Members' information contained in the motor vehicle records of the DHSMV and whether such information was "personal" and/or "highly restricted personal" information under the DPPA;

(b)     Whether Defendants knowingly obtained, disclosed or used Plaintiffs' and Class Members' information contained in the motor vehicle records of the DHSMV;

(c)     The purposes for which Defendants obtained, disclosed or used Plaintiffs' and Class Members' "personal" and/or "highly restricted personal" information contained in the motor vehicle records of DHSMV;

(d)     Whether Defendants' obtainment, use or disclosure of "personal" and/or "highly restricted personal" information contained in the motor vehicle records of DHSMV was for permitted purposes under the DPPA;

(e)     Whether Defendants or the State of Florida received the express written consent of Plaintiffs and Class Members, prior to Defendants' obtaining, using or disclosing their "personal" and/or "highly restricted personal" information contained in  motor vehicle records kept by DHSMV;

(f)     Whether Defendants' conduct in knowingly obtaining, disclosing, or using personal information or highly restricted personal information contained in motor vehicle records maintained by DHSMV was prohibited by, and therefore violated, the DPPA;

(g)     Whether Defendants are liable to Plaintiffs and Class Members for actual damages, but not less than liquidated damages in the amount of $2,500.00; and

(h)     Whether Plaintiffs and Class Members are entitled to equitable relief, including injunctive relief.

15.     The interests of the Plaintiffs are coextensive with the Class Members on the question of Defendants' liability under 18 U.S.C. § 2724 concerning violations of the DPPA and whether a Class Member's personal information or highly restricted personal information was knowingly obtained, disclosed, or used in violation of the DPPA can be determined by ministerial inspection of the Defendants' records and the records of the DHSMV.

16.     The claims of Plaintiffs are typical of the claims of each Class Member, which arise from the same operative facts and are based upon the same legal grounds. The particular facts and circumstances that show that Plaintiffs' claims are typical of the claims of each Class Member are that between April 1, 1998 to the present, Plaintiffs' personal information, including highly restricted personal information, was contained in motor vehicle records maintained by the DHSMV. Such information has been knowingly obtained, disclosed, or used by Defendants without the consent of Plaintiffs for purposes not permitted by the DPPA. Likewise, during the same time period, the DHSMV maintained motor vehicle records containing personal information and highly restricted personal information pertaining to each Class Member, and such information has likewise been knowingly obtained, disclosed, or used by Defendants

without the consent of the Class Members for purposes not permitted by the DPPA. The requirement of typicality is satisfied because proof of the elements of Plaintiffs' claims will demonstrate the Defendants' liability to all Class Members.

17.    Plaintiffs will fairly and adequately protect the interests of the Class. They are committed to vigorously pursuing this matter. Plaintiffs will fairly and adequately protect and represent the interests of each Class Member. Plaintiffs' interests are coextensive with the interests of the Class Members, with whom they share a common right of recovery based upon the same essential facts. Plaintiffs have retained attorneys competent and experienced in class action and complex civil litigation.

18.    Plaintiffs' claims are maintainable on behalf of the class under Fed. R. Civ. P. 23(b)(3) because questions of law or fact common to the Plaintiffs' claim and the claim of each Class Member predominate over any question of law or fact affecting individual Class Members, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy. The assertion of separate individual claims is impractical and cost prohibitive not only for the individual claimant, but for Defendants and the court system itself. The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is small because the minimum amount of statutory damages in an individual action is $2,500.00, and it is unlikely that any Class Member's actual damages will exceed the statutory amount. In addition, this matter can also proceed as a class action pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants' actions in violation of the DPPA generally affect all members of the Class in the same way, to-wit, such actions invade the Class Members' statutory rights to have their DPPA-protected information obtained, used, and disclosed only for

permissible purposes under the DPPA and only used for certain permissible purposes with their express prior consent. Defendants have utilized uniform procedures in knowingly obtaining, disclosing or using personal information pertaining to Plaintiffs and Class Members for purposes not permitted by the DPPA. Thus, injunctive relief for the Class as a whole is an appropriate remedy to prevent further harm and may be granted pursuant to 18 U.S.C. § 2724(b)(4). Maintaining this action as a class action in this forum is desirable as it will permit the claims of the Plaintiffs and the Class Members to be adjudicated efficiently, based upon a common right of recovery arising from the same set of facts.  Management of this class action is likely to present significantly fewer difficulties than those presented in other class actions.

**COUNT I**
**(CLAIM AGAINST R. L. POLK & CO.)**

19.   Plaintiffs incorporate the allegations of paragraphs 1 through 18 above as if same were fully set forth herein.

20.   POLK collects and interprets automotive market data to help its clients target customers. POLK compiles data from motor vehicle departments in the United States, including Florida, and analyzes registration statistics in order to advise its clients regarding market share in their targeted areas, as well as demand forecasts for vehicles, services, parts, and components. POLK also sells names, addresses, and other personal information to businesses engaged in direct mail marketing, telephone solicitations and other forms of mass marketing and advertising. POLK knowingly obtained, disclosed, or used "personal information" as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

8

21.    From April 1, 1998 to the present, POLK has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to POLK's customers, affiliates and strategic partners. During that same time period, POLK and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

22.    The acts and practices of POLK violate the DPPA in one or both of the following ways:

(a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

(b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

23.    POLK has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from April 1, 1998 to the present. Pursuant to 18 U.S.C. § 2724, POLK is liable to

Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

24.     Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, R.L. POLK & CO. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT II
### (CLAIM AGAINST ACXIOM CORPORATION)

25.     The Plaintiffs incorporate the allegations of paragraphs 1 through 18 above as if same were fully set forth herein.

26.     ACXIOM develops and maintains databases containing information about most individuals and households in the U.S., including public records such as historical and current driver's license information, and historical and current motor vehicle information. ACXIOM sells the information from its databases to business customers to use in their marketing and customer service programs. ACXIOM assists its business clients maximize customer relationships by building a customer information infrastructure to support marketing and decision-making efforts. ACXIOM claims to manage hundreds of large-scale prospect and customer marketing database systems and operational data stores to support real-time, front-office customer and information management.

27.    ACXIOM knowingly obtained, disclosed, or used "personal information" as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

28.    From April 1, 1998 to the present, ACXIOM has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to ACXIOM's customers, affiliates and strategic partners. During that same time period, ACXIOM and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

29.    The acts and practices of ACXIOM violate the DPPA in one or both of the following ways:

(a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

(b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

30.    ACXIOM has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from April 1, 1998 to the present. Pursuant to 18 U.S.C. § 2724, ACXIOM is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

31.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant ACXIOM for damages, including reasonable attorneys fees' and all other litigation costs reasonably incurred.

## COUNT III
## (CLAIM AGAINST POLK AND ACXIOM FOR INJUNCTIVE RELIEF)

32.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 18 above as if same were more fully set forth herein.

33.    Defendants POLK and ACXIOM violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for impermissible purposes from April 1, 1998 to the present.

34.     As a result of the acts and practices of Defendants POLK and ACXIOM set forth above,  Plaintiffs' and Class Members' statutory rights to have their DPPA-protected information obtained, used, and disclosed only for permissible purposes under the DPPA and only used for certain permissible purposes with their express prior consent, have been violated.

35.     Plaintiffs believe that Defendants POLK and ACXIOM will continue their acts and practices in violation of the DPPA unless they are restrained by injunctive order of this Court.  This Court is empowered by 18 U.S.C. § 2724(b)(4) to grant equitable relief as the Court determines to be appropriate, including, but not limited to, injunctive relief.  Plaintiffs and the Class Members have no adequate remedy at law or otherwise for the harm and damage threatened to be done in the future by the Defendants unless they are enjoined and restrained from all further acts in violation of the DPPA.

36.     Irreparable injury will be suffered unless a permanent injunction issues to prevent Defendants from continuing to knowingly obtain, disclose, or use personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for impermissible purposes under the DPPA.

37.     Any potential injury to Defendants attributable to an injunction prohibiting them from continuing to knowingly obtain, disclose, or use personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for impermissible purposes under the DPPA, is outweighed by the injury that Plaintiffs and Class Members and the public will suffer if such injunction is not issued.  An injunction prohibiting Defendants from continuing to knowingly obtain, disclose, or use personal information and highly restricted personal information pertaining to Plaintiffs and the Class

Members from motor vehicle records maintained by DHSMV for impermissible purposes under the DPPA would not be adverse to the public interest.

38.   Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action. Pursuant to 18 U.S.C. § 2724, Defendants are liable to the Plaintiffs and all others similarly situated to pay them reasonable attorneys' fees and costs of this action.

WHEREFORE, in this count, Plaintiffs request that this Honorable Court enter final judgment permanently enjoining and restraining Defendants POLK and ACXIOM from further violating the DPPA and to cease and desist from obtaining, disclosing or using personal information and highly restricted personal information from the motor vehicle records maintained by DHSMV for purposes not permitted under the DPPA, and for an award of reasonable attorneys' fees and all other litigation costs reasonably incurred.

<strong><u>JURY TRIAL DEMAND</u></strong>

Plaintiffs request a trial by jury against Defendants POLK and ACXIOM on all issues so triable as a matter of right under Amendment VII of United States Constitution.

Dated: June 18 , 2007.
    Miami, FL

Respectfully submitted,

Lawrence D. Goodman (FBN: 712647)
e-mail: lgoodman@devinegoodman.com

**DEVINE GOODMAN PALLOT & WELLS, P.A.**
777 Brickell Avenue, Suite 850
Miami, FL 33131
Tel: (305) 374-8200
Fax: (305) 374-8208

*Richard Fresco, et al v. R.L. Polk & Co.*
Case No.: 07-60695-Civ-Martinez-Bandstra
Third Amended Class Action Complaint

**Tod Aronovitz** (FBN: 186430)
e-mail: ta@aronovitzlaw.com
**Steven R. Jaffe** (FBN: 390770)
e-mail:  srj@aronovitzlaw.com
**Mark S. Fistos** (FBN: 0909191)
e-mail: msf@aronovitzlaw.com
**ARONOVITZ TRIAL LAWYERS**
Suite 2700 – Museum Tower
150 W. Flagler Street
Miami, Florida 33130
Tel:  (305) 372-2772
Fax: (305) 375-0243

**John A. Yanchunis** (FBN: 324681)
e-mail: jyanchunis@jameshoyer.com
**JAMES HOYER NEWCOMER**
**& SMILJANICH, P.A.**
3301 Thomasville Road, A200
Tallahassee, Florida 32308
Tel: (850) 325-2680
Fax: (850) 325-2681

**David D. Welch** (FBN: 109537)
e-mail:  ddw123@bellsouth.net
**LAW OFFICE OF DAVID D. WELCH**
2401 E. Atlantic Boulevard, Suite 400
Pompano Beach, Florida 33062
Tel:  (954) 943-2020
Fax: (954) 782-1552

Joel S. Perwin (FBN: 316814)
e-mail:  jperwin@perwinlaw.com
**JOEL S. PERWIN, P.A.**
169 E. Flagler Street
Suite 422
Miami, Florida 33131
Tel: (305) 779-6090
Fax:  (305) 779-6095

*Richard Fresco, et al v. R.L. Polk & Co.*
Case No.:  07-60695-Civ-Martinez-Bandstra
Third Amended Class Action Complaint

**Peter A. Portley** (FBN: 112563)
e-mail:  pportley@aol.com
**PORTLEY AND SULLIVAN**
Lighthouse Point Professional Building
2211 E. Sample Road, Suite 204
Lighthouse Point, Florida 33064
Tel:  (954) 781-7600
Fax:  (954) 941-3469

**James K. Green** (FBN: 229466)
e-mail:  jameskgreen@bellsouth.net
**JAMES K. GREEN, P.A.**
Suite 1630, Esperanté
222 Lakeview Avenue
West Palm Beach, Florida 33401
Tel:  (561) 659-2029
Fax:  (561) 655-1357

**John Scarola** (FBN 169440)
e-mail:  jsx@searcylaw.com
David J. Sales (FBN 794732)
e-mail:  djs@searcylaw.com
**SEARCY DENNEY SCAROLA**
 **BARNHART & SHIPLEY, P.A.**
2139 Palm Beach Lakes Blvd., P. O. Drawer 3626
West Palm Beach, Florida 33402
800-780-8607 Toll free
561-686-6300 Telephone
561-478-0754 Facsimile

*ATTORNEYS FOR PLAINTIFFS*