UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-60695-CIV-MARTINEZ-BANDSTRA

RICHARD FRESCO, *et al.*,

       Plaintiffs,

vs.

R.L. POLK & CO., a Delaware corporation;
and ACXIOM CORPORATION, a Delaware
corporation,

       Defendants.

_____/

## DEFENDANT ACXIOM CORPORATION'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

Defendant, Acxiom Corporation ("Defendant" or "Acxiom"), by and through undersigned counsel, hereby files this Answer, Defenses, and Affirmative Defenses to Plaintiffs' Third Amended Class Action Complaint and Jury Trial Demand (the "Complaint") and states as follows:

### ANSWER

#### Answer to Allegations Under the Heading, "THE PARTIES, JURISDICTION AND VENUE: Parties"

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2.     There is no paragraph 2 in the Complaint.

3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies same.

4.      Defendant admits that it is a Delaware Corporation with its principle place of business in Little Rock, Arkansas.

### Answer to Allegations Under the Heading, "Jurisdiction"

5.      Defendant admits that this District Court has original subject matter jurisdiction of cases arising under the Drivers Privacy Protection Act ("DPPA"), a law of the United States. Defendant denies that the DPPA is a vehicle for class action status and also denies that this case can, or should, be maintained as a class action.

6.      The allegations of this paragraph constitute conclusions of law which cannot be admitted or denied as assertions of fact.  To the extent that an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other defendant and therefore denies same.  Indeed, given the differences in business practices and business lines among the defendants, we submit that it may not be proper to join for trial all claims against the defendants.  Defendant admits that venue is proper in this District as to it.  Defendant denies the remaining allegations contained in paragraph 6 of the Complaint.  Defendant denies that Plaintiffs are entitled to any relief sought in the Complaint.

### Answer to Allegations Under the Heading, "Allegations Regarding the Class Representative Plaintiffs"

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies same. Moreover, the allegations of this paragraph constitute conclusions of law which cannot be admitted or denied as assertions of fact.  To the extent an answer is required, the allegations are denied.

8.      Defendant denies the allegations contained in paragraph 8 as they pertain to it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the

allegations as to the conduct of the other defendant.  Moreover, the allegations of this paragraph constitute conclusions of law which cannot be admitted or denied as assertions of fact.  To the extent an answer is required, those allegations are denied.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies same.

10.      Defendant denies the allegations contained in paragraph 10 of the Complaint as they pertain to it.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other defendant.  To the extent an answer is required, those allegations are denied.

### Answer to Allegations Under the Heading, "Class Representation Allegations"

11.      Defendant denies the allegations contained in paragraph 11 of the Complaint as they pertain to it.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other defendant.  To the extent an answer is required, those allegations are denied.

12.      Defendant admits the Plaintiffs in this case purport to bring this action as a class action and that Plaintiffs purport to define a proposed class.  Defendant denies that Plaintiffs are proper class representatives, that the putative class is properly defined or legally sufficient, and that the case is maintainable as a class action.  Defendant denies the remaining allegations contained in paragraph 12 of the Complaint.

13.      Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.      Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.      Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the Complaint.

Defendant denies that Plaintiffs are entitled to any relief sought in Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint.

Defendant denies that Plaintiffs are entitled to any relief sought in Complaint.

## Answer to Count I -
## (CLAIM AGAINST R. L. POLK & CO.)

19.     Defendant incorporates its answers to paragraphs 1 through 18 of the Complaint

as if fully restated herein.

20-24.  Paragraphs 20 through 24 of the Complaint do not pertain to Defendant and

therefore Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained therein and therefore denies same.

## Answer to Count  II -
## (CLAIM AGAINST ACXIOM CORPORATION)

25.     Defendant incorporates its answers to paragraphs 1 through 18 of the Complaint

as if fully restated herein.

26.     Defendant admits that it integrates data, services, and technology to create and

deliver customer and information management solutions.  The core components of Acxiom's

solutions are technology/Customer Data Integration (CDI), data, database services, IT

outsourcing, consulting, and analytics.  Defendant further admits that it empowers businesses to

make smart, fast marketing and customer relationship decisions and that, through InfoBase®, it

offers its customers a competitive advantage by lawfully offering the most current and accurate

customer data available.  Defendant denies the remaining allegations contained in paragraph 26

of the Complaint.

27.     Defendant denies that it has improperly or unlawfully obtained, disclosed or used "personal information" or "highly restricted person information," as those terms are defined in the DPPA, received by the Florida Department of Highway Safety and Motor Vehicles ("Florida DHSMV"). To the extent the allegations contained in paragraph 27 of the Complaint imply that Defendant obtained, disclosed, or used information received from the Florida DHSMV or any other state DMV in violation of the DPPA, those allegations are specifically denied. Defendant denies the remaining allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies same.

### Answer to Count III -
### (CLAIM AGAINST ALL DEFENDANTS FOR INJUNCTIVE RELIEF)

32.     Defendant incorporates its answers to paragraphs 1 through 18 of the Complaint as if fully restated herein.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint as they pertain to it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other Defendant. To the extent an answer is required, those allegations are denied.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint as they pertain to it. Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations as to the conduct of the other defendant.  To the extent an answer is required, those allegations are denied.

35.     The allegations contained in paragraph 35 of the Complaint constitute conclusions of law which cannot be admitted or denied as assertions of fact.  To the extent an answer is required, the allegations are denied.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph with respect to the alleged conduct of the other defendant, Plaintiffs' engagement of counsel, and Plaintiffs' payment obligations to that counsel and therefore denies same.  Defendant denies the remaining allegations contained in paragraph 36 of the Complaint.  Defendant denies that Plaintiffs are entitled to any relief sought in the Complaint.

## Answer to Jury Trial Demand

Defendant denies that Plaintiffs have a right to a trial by jury on either all or some of their claims.

## General Denial

Defendant denies any allegations contained in the Complaint which have not been expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part by the applicable statutes of limitations and repose.

     3.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part by operation of the doctrine of laches.

     4.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part by the doctrine of estoppel.

     5.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part by the doctrines of settlement, release, *res judicata* and/or collateral or judicial estoppel.

     6.     Plaintiffs' claims and/or or those of putative class members are barred in whole or in part because of the speculative nature of all or part of the damages allegedly sustained.

     7.     Plaintiffs' claims and/or or those of putative class members are barred in whole or in part because Plaintiffs and/or putative class members failed to mitigate any injuries and/or damages allegedly sustained.

     8.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because Plaintiffs and/or the putative class members lack standing to assert the claims set forth in the Complaint.

     9.     Plaintiffs' claims and/or those of putative class members are not suitable for class certification because their case fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

     10.     Plaintiffs' claims and/or those of putative class members are not suitable for class certification because the certification and maintenance of this action as a class action would violate Defendant's right to due process, to be confronted by the witnesses against it, and to a jury trial as provided for in the Fifth, Sixth, Seventh, and Fourteenth Amendments to the United States Constitution.

11.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because Plaintiffs and/or putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

12.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because Plaintiffs and/or putative class members failed to opt-out of the obtainment, disclosure, or use of their "personal information" and/or "highly restricted personal information" as is required and as those terms are defined in the DPPA.

13.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because such information was obtained, disclosed, or used by Defendant as permitted by the DPPA.

14.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because such information was obtained, disclosed, or used by Defendant as permitted by Florida Statutes §§ 119.07 and/or 119.0712 or other applicable statutes of Florida or any other State.

15.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because such information was not knowingly obtained, disclosed, or used by Defendant for an impermissible purpose under the DPPA.

16.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because damages, if any, suffered by Plaintiffs and/or putative class members were caused by the State of Florida, the Florida DHSMV, its officials, employees, and/or agents.

17.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because damages, if any, suffered by Plaintiffs and/or putative class members were caused

by the applicable State governments, the applicable State DMVs, the applicable State officials, employees, and/or agents.

18.     Plaintiffs' claims are barred in whole or in part as Defendant's actions were undertaken in reasonable reliance on a State government agency sanctioning such activity and with the real authority to interpret and decide which of its records were accessible and which persons had sufficient permissible purposes to obtain such records under the DPPA and that by providing the information to Defendant, the State government agency warranted that such records were lawfully subject to being obtained, disclosed, or used by Defendant.

19.     The provisions of P.L. 106-69, 113 Stat. 986 § 350 (which ostensibly amended the DPPA to require that before releasing any personal information for certain uses, states obtained the express consent of the person to whom the record pertains) are applicable only to public entities that are "recipients of funds made available in this Act."  To the extent that the Florida DHSMV or the DMV or any other State is not a recipient of such funds, the requirements of P.L. 106-69, 113 Stat. 986 § 350 do not apply and the DPPA remains unaltered for purposes of this lawsuit.

20.     The provisions of P.L. 106-69, 113 Stat. 986 § 350 (which ostensibly amended the DPPA to require that before releasing any personal information for certain uses, states obtained the express consent of the person to whom the record pertains) are applicable only to public entities that are "recipients of funds made available in this Act."  Defendant is not a public entity that is a recipient of such funds, therefore, the requirements of P.L. 106-69, 113 Stat. 986 § 350 do not apply and the DPPA remains unaltered for purposes of this lawsuit.

21.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because such information was obtained, disclosed, or used by the Defendant prior to June 1,

2000, the effective date of P.L. 106-69, 113 Stat. 986 § 350, and the requirement of express consent of the person to whom the information pertains.

22.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because any obtainment, disclosure, or use of Plaintiffs' and/or putative class members' "personal information" and/or "highly restricted personal information" that occurred after June 1, 2000, the effective day of P.L. 106-69, 113 Stat. 986 § 350, and the requirement of express consent of the person to whom the information pertains, involved only that "personal information" and/or "highly restricted personal information" identical to that already obtained, disclosed, or used by Defendant prior to June 1, 2000.

23.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because Plaintiffs and/or putative class members have not suffered actual damages due to violation of the DPPA by Defendant, such actual damages being a condition precedent or prerequisite to the recovery of the minimum liquidated damages amount of $2,500 listed in the Remedies provision of the DPPA.

24.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part by virtue of the unconstitutionality of the DPPA, or portions thereof, for the following reasons:

        a.     the Remedies provision of the DPPA denies due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution by purportedly providing "liquidated damages in the amount of $2,500," which operates as a punitive sanction bearing no relation to a reasonable pre-injury forecast of damages or actual damages sustained and arbitrarily fixing a minimal award of damages without due process, though actual damages are measurable;

        b.      in operation with the DPPA's Permissible Uses provision at 18 U.S.C. § 2721(b)(11) and (12), the DPPA's Civil Action provision of 18 U.S.C. § 2724(a) denies due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution by creating an irrebuttable presumption of liability against private parties who purchase information from motor vehicle records without knowledge that the state has disclosed such information in violation of the DPPA, while simultaneously providing the state an exemption from civil suits to compensate for damages and litigation costs suffered by those who unwittingly obtained, used, or disclosed information provided them by the state in violation of the DPPA;

        c.      the DPPA violates the right to freely access and gather information traditionally available from public records and infringes on the free flow of accurate commercial information as guaranteed by the First Amendment to the United States Constitution and Article I, Section 4 of the Florida Constitution;

        d.      the $2,500 "liquidated damages" contained within the DPPA's Remedies provision, 18 U.S.C. § 2724(b)(1), provides for a profoundly unwarranted, excessive, and/or cruel and unusual fine and/or punishment that is unrelated to any actual damages sustained by the Plaintiffs or putative class members thus violating Defendant's due process rights and constituting an excessive fine and/or a cruel and unusual punishment as provided for in the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution;

        e.      the DPPA violates Article I, Section 4 of the Florida Constitution;

        f.      the DPPA violates Article I, Section 9 of the Florida Constitution; and

        g.      the DPPA violates Article I, Section 24 of the Florida Constitution.

25.     Plaintiffs have failed to join all necessary and indispensable parties.

CASE NO. 07-60695-CIV-MARTINEZ/BANDSTRA

26.     Plaintiffs' claims and/or those of putative class members are barred in whole or part because all of the Defendant's legal obligations, if any, to Plaintiffs and/or putative class members have been fulfilled, discharged, waived, or excused.

27.     Any obtainment, disclosure, or use of any DMV information by Defendant was for a permissible purpose and Defendant was an authorized recipient in its own right of any such information pursuant to the DPPA.

28.     Any obtainment, disclosure, or use of any DMV information by Defendant was for a permissible purpose and Defendant was an authorized recipient in its own right of any such information pursuant to State statutes.

29.     Any obtainment, disclosure, or use of any DMV information by Defendant was for a permissible purpose and Defendant was an authorized recipient as an agent for legitimate businesses authorized to receive disclosures of any such information pursuant to the DPPA.

30.     Any obtainment, disclosure, or use of any DMV information by Defendant was for a permissible purpose and Defendant was an authorized recipient as an agent for legitimate businesses authorized to receive disclosures of any such information pursuant to applicable State statute.

31.     Any obtainment, disclosure, or use of any DMV information by Defendant was for a permissible purpose and Defendant was an authorized recipient of any such information pursuant to those provisions of the DPPA for which there is no requirement for the consent of the person to whom the information pertains.

32.     Any obtainment, disclosure, or use of any DMV information by Defendant was for a permissible purpose and Defendant was an authorized recipient of any such information

pursuant to those provisions of Florida Statutes §§ 119.07 and/or 119.072 for which there is no requirement for the consent of the person to whom the information pertains.

33.     Any resale or redisclosure of any DMV information by Defendant was only for those purposes permitted pursuant to the provisions of the DPPA.

34.     Any resale or redisclosure of any DMV information by Defendant was only for those purposes permitted pursuant to the provisions of the applicable State statute.

35.     Defendant is entitled to any setoffs or reductions in liability from collateral sources available to Plaintiffs and/or putative class members.

36.     Some or all of Plaintiffs and other member of their putative class have not suffered any injury in fact with respect to some or all of the claims against Defendant in the Complaint.

37.     If some or all Plaintiffs or other member of their putative class are awarded any damages against Defendant, then Defendant is entitled to set-off the full amount of any damages awarded, or settlement amounts approved, in favor of Plaintiffs and such other members of their putative class with respect to any alleged injuries under the DPPA claimed by them with respect to other companies that obtained or used some or all of the "personal information", or "highly restricted personal information", or both, at issue in this action.

38.     If some or all Plaintiffs or other members of their putative class are awarded any damages against Defendant, then Defendant is entitled to have such damages reduced by the value of any benefit or payment to Plaintiffs and such other remembers of their putative class from any collateral source.

39.     To the extent that the laws of other  jurisdictions apply to the claims against Defendant in the Complaint, Defendant invokes each and every constitutional, statutory, and

common law protection available to it under such laws that would require invocation as an affirmative defense, and requests that this Court take judicial notice of every constitution, statute, case decision, regulation, or other legal authority establishing such protection.

40.    Defendant reserves the right to assert other defenses as discovery proceeds.

41.    Defendant adopts and incorporates by reference any affirmative defense asserted by any other Defendant in this action, to the extent such affirmative defense applies to Defendant.

## CONCLUSION AND PRAYER

**WHEREFORE**, having fully responded to the Plaintiffs' Complaint, Defendant prays as follows:

a.    that the court enter a judgment dismissing the Complaint and all claims stated therein with prejudice and discharging Defendant from all liability thereunder;

b.    that Defendant be awarded its attorney's fees and expenses of litigation incurred in defending this action;

c.    that all costs of this action be taxed against Plaintiffs; and

d.    that the court award Defendant such other and further relief as it may deem just and proper

.

CASE NO. 07-60695-CIV-MARTINEZ/BANDSTRA

Respectfully submitted,

HUNTON & WILLIAMS LLP
Counsel for Acxiom Corporation
Mellon Financial Center, Suite 2500
1111 Brickell Avenue
Miami, Florida 33131
Tel:  305-810-2500
Fax:  305-810-2460

By: /s/Gustavo J. Membiela
      Barry R. Davidson
      Florida Bar No. 107678
      Juan C. Enjamio
      Florida Bar No. 571910
      Gustavo J. Membiela
      Florida Bar No. 513555

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF or by U.S. mail this 11th day of January, 2008, to:

Counsel for Plaintiffs

Tod Aronovitz, Esq.
Steven Jaffe, Esq.
Mark S. Fistos, Esq.
ARONOVITZ TRIAL LAWYERS
150 W. Flagler Street
Suite 2700- Museum Tower
Miami, Florida 33130
305-372-2772 Telephone
305-375-0243 Facsimile
ta@aronvitzlaw.com
srj@aronvitzlaw.com
mfistos@jameshoyer.com

Peter A. Portley, Esq.
PORTLEY AND SULLIVAN
Lighthouse Point Professional Building
2211 E. Sample Road, Suite 204
Lighthouse Point, Florida 33064
954-781-7600 Telephone
954-941-3469 Facsimile
pportley@aol.com

John A. Yanchunis, Esq.
JAMES HOYER NEWCOMBER &
  SMILJANICH, P.A.
4830 West Kennedy Boulevard
Suite 550 One Urban Centre
Tampa, FL 33609
813-286-4100 Telephone
286-4174 Facsimile
jyanchunis@jameshoyer.com

Lawrence D. Goodman, Esq.
DEVINE GOODMAN PALLOT &
  WELLS, P.A.
777 Brickell Avenue, Suite 850
Miami, Florida 33131
305-374-8200 Telephone
305-374-8208 Facsimile
lgoodman@devinegoodman.com

David D. Welch, Esq.
WELCH & FINKEL
2401 E. Atlantic Boulevard, Suite 400
Pompano Beach, Florida 33062
954-943-2020 Telephone
954-782-1552 Facsimile
ddw123@bellsouth.net

James K. Green, Esq.
JAMES K. GREEN, P.A.
Suite 1650, Esperanté
222 Lakeview Avenue
West Palm Beach, Florida 33401
561-659-2029 Telephone
561-655-1357 Facsimile
jameskgreen@bellsouth.net

Joel S. Perwin, Esq.
Anthony Sanchez
169 E. Flagler Street
Alfred I. Dupont Building
Miami, Florida 33131
305-779-6090 Telephone
305-779-6095 Facsimile
jperwin@perwinlaw.com

Jack Scarola, Esq.
David J. Sales, Esq.
SEARCY BENNEY SCAROLA BARNHART
 & SHIPLEY, P.A.
2139 Palm Beach Lakes Boulevard P.O.
Drawer 3626
West Palm Beach, Florida 33402
561-686-6300 Telephone
561-478-0754 Facsimile

Counsel for Defendant R. L. Polk & Co.

Lewis F. Collins, Jr.
Scott J. Frank
BUTLER PAPPAS WEIHMULLER KATZ
CRAIG LLP
One Harbour Place, Suite 500
777 S. Harbour Island Boulevard
Tampa, Florida 33602
Telephone:  (813) 281-1900
Facsimile:  (813) 281-0900
lcollins@butlerpappas.com
sfrank@butlerpappas.com

Christopher M. Mason
NIXON PEABODY LLP
437 Madison Avenue
New York, New York 10022
Telephone:  (212) 940-3000
Facsimile:  (212) 940-3111
cmason@nixonpeabody.com

By: /s/Gustavo J. Membiela_____