IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60695-Civ-Martinez

RICHARD FRESCO, CARLOS BARRETT,
JEFFREY HY, MARY ANN COLLIER,
ROY MCGOLDRICK, ROBERT PINO,
JOEL LEVINE, KENNETH W. HERETICK,
and RUSSELL V. ROSEN,

    Plaintiffs,

vs.

R.L. POLK & CO., a Delaware corporation and
ACXIOM CORPORATION, a Delaware
corporation,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT R.L. POLK & CO. TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

Defendant, R.L. Polk & Co. ("Polk"), for its answer and affirmative defenses to Plaintiffs' Third Amended Class Action Complaint and Jury Trial Demand (the "Third Amended Complaint") alleges and states that it:

  1.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Third Amended Complaint.

  2.  Plaintiffs did not include any paragraph 2 in their Third Amended Complaint.

  3.  Admits the allegations in paragraph 3 of the Third Amended Complaint.

4. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Third Amended Complaint.

5. Admits the allegations in paragraph 5 of the Third Amended Complaint.

6. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Third Amended Complaint, except admits that, to the extent transaction of business by Polk in this district is a proper basis for venue in this district, venue is proper in this district.

7. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Third Amended Complaint.

8. Denies the allegations in paragraph 8 of the Third Amended Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations in such paragraph as to Acxiom Corporation.

9. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Third Amended Complaint.

10. Denies the allegations in paragraph 10 of the Third Amended Complaint.

11. Denies the allegations in paragraph 11 of the Third Amended Complaint.

12. Admits that Plaintiffs purport to bring this action on behalf of the Class alleged in paragraph 12 of the Third Amended Complaint, except denies that such Class may be certified, and

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in such paragraph.

13. Denies the allegations in paragraph 13 of the Third Amended Complaint.

14. Denies the allegations in paragraph 14 of the Third Amended Complaint.

15. Denies the allegations in paragraph 15 of the Third Amended Complaint.

16. Denies the allegations in paragraph 16 of the Third Amended Complaint.

17. Denies the allegations in paragraph 17 of the Third Amended Complaint.

18. Denies the allegations in paragraph 18 of the Third Amended Complaint.

19. Repeats and realleges its answers to paragraphs 1 through 18 of the Third Amended Complaint as its answer to the allegations in paragraph 19 of the Third Amended Complaint.

20. Denies the allegations in paragraph 20 of the Third Amended Complaint, except admits that Polk has, for purposes permitted by the Driver's Privacy Protection Act, 18 U.S.C. §§2721-25 (the "DPPA"), including motor vehicle safety, recalls, advisories, research activities and statistical reports, and resale or redisclosure for purposes permitted by the DPPA, paid the Florida Department of Highway Safety and Motor Vehicles for motor vehicle records containing personal information but not highly restricted personal information.

21. Denies the allegations in paragraph 21 of the Third Amended Complaint.

22. Denies the allegations in paragraph 22 of the Third Amended Complaint.

23. Denies the allegations in paragraph 23 of the Third Amended Complaint.

24. Denies the allegations in paragraph 24 of the Third Amended Complaint.

25. Repeats and realleges its answers to paragraphs 1 through 18 of the Third Amended Complaint as its answer to the allegations in paragraph 25 of the Third Amended Complaint.

26. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Third Amended Complaint.

27. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Third Amended Complaint.

28. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Third Amended Complaint.

29. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Third Amended Complaint.

30. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Third Amended Complaint.

31. Denies the allegations in paragraph 31 of the Third Amended Complaint.

32. Repeats and realleges its answers to paragraphs 1 through 18 of the Third Amended

Complaint as its answer to the allegations in paragraph 32 of the Third Amended Complaint.

33. Denies the allegations in paragraph 33 of the Third Amended Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations in such paragraph as to Acxiom Corporation.

34. Denies the allegations in paragraph 34 of the Third Amended Complaint.

35. Denies the allegations in paragraph 35 of the Third Amended Complaint.

36. Denies the allegations in paragraph 36 of the Third Amended Complaint.

37. Denies the allegations in paragraph 37 of the Third Amended Complaint.

38. Denies the allegations in paragraph 38 of the Third Amended Complaint.

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

39. Some or all of Plaintiffs and other members of their putative Class lack standing to bring the claims against Polk in the Third Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE

40. Some or all of Plaintiffs and other members of their putative Class have not suffered any injury in fact with respect to some or all of the claims against Polk in the Third Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

41. The claims against Polk in the Third Amended Complaint are barred, in whole or in part, as to some or all of Plaintiffs and other members of their putative Class, by applicable statutes of limitations or statutes of repose.

### FOURTH AFFIRMATIVE DEFENSE

42. The claims against Polk in the Third Amended Complaint are barred, in whole or in part, as to some or all of Plaintiffs and other members of their putative Class, by the doctrines of estoppel, laches, ratification, waiver, or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

43. The claims against Polk in the Third Amended Complaint are barred, in whole or in part, as to some or all of Plaintiffs and other members of their putative Class, by the doctrines of settlement, release, or *res judicata*.

### SIXTH AFFIRMATIVE DEFENSE

44. The claims against Polk in the Third Amended Complaint are barred, in whole or in part, as to some or all of Plaintiffs and other members of their putative Class, by a failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

45. If some or all of Plaintiffs or other members of their putative Class have suffered any injury, then such injury, and any damage from such injury, was caused, in whole or in part, by the acts or omissions of others for whose conduct Polk is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

46. If some or all of Plaintiffs or other members of their putative Class are awarded any damages against Polk, then Polk is entitled to set off the full amount of any damages awarded, or settlement amounts approved, in favor of Plaintiffs and such other members of their putative Class with respect to any alleged injuries under the DPPA claimed by them with respect to other companies that obtained or used some or all of the personal information, or highly restricted personal information, or both, at issue in this action.

## NINTH AFFIRMATIVE DEFENSE

47. If some or all of Plaintiffs or other members of their putative Class are awarded any damages against Polk, then Polk is entitled to have such damages reduced by the value of any benefit or payment to Plaintiffs and such other members of their putative Class from any collateral source.

TENTH AFFIRMATIVE DEFENSE

48. Plaintiffs have failed to join indispensable parties required to be joined under Federal Rule of Civil Procedure 19 in the claims against Polk in the Third Amended Complaint.

ELEVENTH AFFIRMATIVE DEFENSE

49. The DPPA, as Plaintiffs would have the Court apply it in the claims against Polk in the Third Amended Complaint, violates the First Amendment of the United States Constitution.

TWELFTH AFFIRMATIVE DEFENSE

50. The DPPA, as Plaintiffs would have the Court apply it in the claims against Polk in the Third Amended Complaint, violates Article I, Section 4 of the Florida Constitution.

THIRTEENTH AFFIRMATIVE DEFENSE

51. The DPPA, as Plaintiffs would have the Court apply it in the claims against Polk in the Third Amended Complaint, violates the due process rights guaranteed to Polk by the Fifth and Fourteenth Amendments to the United States Constitution.

FOURTEENTH AFFIRMATIVE DEFENSE

52.     The DPPA, as Plaintiffs would have the Court apply it in the claims against Polk in the Third Amended Complaint, violates the due process rights guaranteed to Polk by Article I, Section 9 of the Florida Constitution.

FIFTEENTH AFFIRMATIVE DEFENSE

53.     The DPPA, as Plaintiffs would have the Court apply it in the claims against Polk in the Third Amended Complaint, violates Article I, Section 24 of the Florida Constitution, which provides for access to public records.

SIXTEENTH AFFIRMATIVE DEFENSE

54.     The claims for punitive or exemplary damages against Polk in the Third Amended Complaint violate the rights to due process of law guaranteed to Polk by the Fifth and Fourteenth Amendments of the United States Constitution.

SEVENTEENTH AFFIRMATIVE DEFENSE

55.     The claims for punitive or exemplary damages against Polk in the Third Amended Complaint violate the due process rights guaranteed to Polk by Article I, Section 9 of the Florida Constitution.

EIGHTEENTH AFFIRMATIVE DEFENSE

56. The claims against Polk in the Third Amended Complaint are barred, in whole or in part, as to some or all of Plaintiffs and other members of their putative Class, by a failure under the DPPA to opt out of the obtainment, disclosure, and use of the personal information, or highly restricted personal information, or both, at issue in this action.

NINETEENTH AFFIRMATIVE DEFENSE

57. The claims against Polk in the Third Amended Complaint are barred, in whole or in part, as to some or all of Plaintiffs and other members of their putative Class, by a failure under Section 119.07 of the Florida Statutes to opt out of the obtainment, disclosure, and use of the personal information, or highly restricted personal information, or both, at issue in this action.

TWENTIETH AFFIRMATIVE DEFENSE

58. The claims against Polk in the Third Amended Complaint are barred, in whole or in part, as to some or all of Plaintiffs and other members of their putative Class, by an affirmative election under the DPPA to allow the obtainment, disclosure, and use of personal information, or highly restricted personal information, or both, at issue in this action.

TWENTY-FIRST AFFIRMATIVE DEFENSE

59. The $2,500 liquidated damages provision in Section 2724(b)(1) of the DPPA is an excessive, cruel, or unusual fine or punishment that violates the rights guaranteed to Polk by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

TWENTY-THIRD AFFIRMATIVE DEFENSE

60. The claims against Polk in the Third Amended Complaint are barred, in whole or in part, as to some or all of Plaintiffs and other members of their putative Class, because the Florida Department of Highway Safety and Motor Vehicles is not one of the "recipients of funds made available in this Act" for purposes of P.L. 106-69, 113 Stat. 986 § 350, and therefore the provisions of the DPPA which purport, for certain purposes, to require an affirmative election by a person to whom personal information, or highly restricted personal information, or both, pertains do not apply in this action.

TWENTY-THIRD AFFIRMATIVE DEFENSE

61. The claims against Polk in the Third Amended Complaint are barred, in whole or in part, as to some or all of Plaintiffs and other members of their putative Class, to the extent information at issue in this action was obtained, disclosed, or used by Polk prior to June 1, 2000, the effective date of P.L. 106-69, 113 Stat. 986 § 350, which purported, for certain purposes, to require an affirmative election by a person to whom personal information, or highly restricted personal information, or both, pertains.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

62. To the extent that the laws of other jurisdictions apply to the claims against Polk in the Third Amended Complaint, Polk invokes each and every constitutional, statutory, and common law protection available to it under such laws that would require invocation as an affirmative

defense, and requests that this Court take judicial notice of every constitution, statute, case decision, regulation, or other legal authority establishing such protection.

WHEREFORE Polk respectively requests that this Court enter a judgment in Polk's favor:

A. Dismissing the Third Amended Class Action Complaint with prejudice;

B. Awarding Polk its attorneys' fees, costs, and expenses of litigation; and

C. Granting such other and further relief as the Court may deem just and proper.

Dated: January 11, 2008

                    Respectfully submitted,

                    BUTLER PAPPAS WEIHMULLER
                    KATZ CRAIG LLP

By: s/Lewis F. Collins, Jr.
     Lewis F. Collins, Jr., Esquire
     Florida Bar No. 267422
     Scott J. Frank, Esquire
     Florida Bar No. 775606
     One Harbour Place, Suite 500
     777 S. Harbour Island Boulevard
     Tampa, Florida 33602
     Telephone: (813) 281-1900
     Facsimile: (813) 281-0900
     lcollins@butlerpappas.com
     sfrank@butlerpappas.com
     Attorneys for Defendant
     R. L. Polk & Co.

Of Counsel:
Christopher M. Mason
NIXON PEABODY LLP
437 Madison Avenue
New York, New York 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111
cmason@nixonpeabody.com
Admitted *Pro Hac Vice*

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, on this 11th day of January, 2008, to:

Counsel for Plaintiffs

Tod Aronovitz, Esq.
Steven Jaffe, Esq.
ARONOVITZ TRIAL
LAWYERS
150 W. Flagler Street
Suite 2700- Museum Tower
Miami, Florida 33130
Telephone: 305-372-2772
Facsimile: 305-375-0243
ta@aronovitzlaw.com
srj@aronvitzlaw.com

John A. Yanchunis, Esq.
Mark S. Fistos, Esq.
JAMES HOYER
NEWCOMBER &
 SMILJANICH, P.A.
3301 Thomasville Road, A200
Tallahassee, Florida 32308
Telephone: 850-325-2680
Facsimile: 850-325-2681
jyanchunis@jameshoyer.com
mfistos@jameshoyer.com

David D. Welch, Esq.
WELCH & FINKEL
2401 E. Atlantic Boulevard,
Suite 400
Pompano Beach, Florida 33062
Telephone: 954-943-2020
Facsimile: 954-782-1552
ddw123@bellsouth.net

Peter A. Portley, Esq.
PORTLEY AND SULLIVAN
Lighthouse Point Professional
Building
2211 E. Sample Road, Suite 204
Lighthouse Point, Florida 33064
Telephone: 954-781-7600
Facsimile: 954-941-3469
pportley@aol.com

Lawrence D. Goodman, Esq.

DEVINE GOODMAN PALLOT
& WELLS, P.A.
777 Brickell Avenue, Suite 850
Miami, Florida 33131
Telephone: 305-374-8200
Facsimile: 305-374-8208
lgoodman@devinegoodman.com

James K. Green, Esq.
JAMES K. GREEN, P.A.
Suite 1650, Esperanté
222 Lakeview Avenue
West Palm Beach, Florida 33401
Telephone: 561-659-2029
Facsimile: 561-655-1357
jameskgreen@bellsouth.net

| | |
|---|---|
| Joel S. Perwin, Esq.<br>PODHURST, ORSECK,<br>JOSEFSBERG,<br>  EATON, MEOW, OLIN &<br>PERWIN, P.A.<br>169 E. Flagler Street<br>Alfred I. Dupont Building, Suite 1422<br>Miami, Florida 33131<br>Telephone: 305-779-6090<br>Facsimile: 305-779-6095<br>jperwin@perwinlaw.com | Jack Scarola, Esq.<br>David J. Sales, Esq.<br>SEARCY BENNEY SCAROLA BARNHART<br>  & SHIPLEY, P.A.<br>2139 Palm Beach Lakes<br>Boulevard P.O. Drawer 3626<br>West Palm Beach, Florida 33402<br>Telephone: 561-686-6300<br>Facsimile: 561-478-0754 |

Counsel for Defendant Acxiom Corporation

Barry R. Davidson
Juan C. Enjamio
Gustavo J. Membiela
HUNTON & WILLIAMS LLP
Mellon Financial Center
1111 Brickell Avenue
Suite 2500
Miami, Florida 33131
Telephone: 305-810-2500
Facsimile: 305-810-2460
bdavidson@hunton.com
jenjamio@hunton.com
gmembiela@hunton.com
Attorneys for Defendant
Acxiom Corporation

By:   s/Lewis F. Collins, Jr.
      Lewis F. Collins, Jr., Esquire