UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-60695-Civ-Martinez-Brown

RICHARD FRESCO, CARLOS BARRETT,
JEFFREY HY, MARY ANN COLLIER,
ROY McGOLDRICK, ROBERT PINO,
KENNETH W. HERETICK, RUSSELL V.
ROSEN and JOEL LEVINE,

    Plaintiffs,

vs.

R.L. POLK & CO., a Delaware corporation;
and ACXIOM CORPORATION, a Delaware
corporation,

    Defendants.

**Order Certifying Settlement Class, Appointing Class Counsel, Preliminarily
Approving Class Action Settlement, Approving
<u>and Directing Notice Plan, and Appointing Notice Administrator</u>**

In this action, plaintiffs Richard Fresco, Carlos Barrett, Jeffrey Hy, Mary Ann Collier, Roy McGoldrick, Robert Pino, Kenneth Heretick, Russell V. Rosen, and Joel Levine (collectively, "Named Plaintiffs"), on behalf of themselves and all others similarly situated, assert claims against defendants R.L. Polk & Co. and Acxiom Corp. ("Defendants") for alleged violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725.

In 2003, Named Plaintiffs commenced an action in the United States District Court for the Southern District of Florida entitled *Fresco, et al. v. Automotive Directions, Inc.,*

et al., Case No. 03-cv-61063-JEM, claiming that certain parties knowingly obtained, used, or disclosed Personal Information and Highly Restricted Personal Information from Motor Vehicle Records in violation of the DPPA. After filing this case, a series of eleven DPPA cases around the state of Florida were eventually transferred to this Court and effectively merged into the case, *sub nom., Fresco, et al., v. Automotive Directions, Inc., et al.*, No. 03-cv-61063-JEM (*Fresco* I).

In 2007, certain defendants in *Fresco* I reached a settlement with Named Plaintiffs. Subsequently, this Court certified a nationwide class (for settlement purposes only) and approved a settlement of the claims of Named Plaintiffs and the Class against these defendants. During the pendency of the approval process for that settlement, and at the request of Named Plaintiffs and Polk and Acxiom (the two Defendants in the litigation which chose not to settle at that time), the claims of Named Plaintiffs in *Fresco* I were severed and made a separate case entitled *Fresco, et al. v. R.L. Polk & Co. and Acxiom Corp.*, Case No. 07-cv-60695-JEM ("*Fresco* II").

Pursuant to this Court's order severing the case, Named Plaintiffs filed a third amended complaint against Polk and Acxiom in *Fresco* II. The Third Amended Complaint sought injunctive relief on behalf of a nationwide class of all drivers and motor vehicle record holders, actual damages, statutory liquidated damages, and attorneys' fees and expenses. In response, Defendants denied each of the claims asserted against them

and moved to dismiss. Based on a number of defenses, they continue to deny any and all liability and to deny that the action could be litigated on a class-wide basis.

On April 21, 2008, the Court ordered the parties to mediation. On May 5, 2008, the Court approved James Chaplin, Esq., as the mediator. Mr. Chaplin has years of experience mediating class actions and other complex litigation. The mediation was conducted over a period of many months and involved numerous negotiation sessions. Throughout the course of 2008, the parties routinely updated the Court on the status of the mediation and their efforts to reach a settlement. Those efforts were ultimately successful and produced a proposed resolution of this litigation.

On March 10, 2009, Named Plaintiffs filed a Motion for Preliminary Approval of Proposed Settlement. In that motion, they asked this Court to certify a class (for settlement purposes only), to appoint class counsel and lead class counsel, to approve and direct a notice plan, and to appoint a notice administrator. After careful consideration of the Settlement Agreement, its exhibits, and Named Plaintiffs' motion and supporting memorandum, the Court hereby grants the motion.

This Court FINDS and ORDERS as follows:

A.  **Certification of Nationwide Settlement Class**

Plaintiffs have moved the Court for certification of a nationwide class (for settlement purposes only) that extends back to April 1, 1998, to cover claims within the DPPA's limitations period. When the Court is presented with a proposed settlement prior to a decision on class certification, the Court must determine whether the proposed

settlement class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23. The requirements that must be met under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, the parties must satisfy one of the subsections of Rule 23(b).

The Court determines that the proposed settlement class, which is estimated to include more than 200 million individuals, satisfies the numerosity requirement of Rule 23(a)(1).

The Court further determines that the commonality requirement of Rule 23(a)(2) is met. Commonality is satisfied if there is "at least one issue affecting all or a significant number of proposed class members." *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 313 (S.D. Fla. 2001). Here, commonality is satisfied because, at a minimum, Defendants obtained settlement class members' DPPA-regulated information originating from state DMV records, and used or made some of that information available for use or disclosure.

The typicality requirement of Rule 23(a)(3) is also met. Typicality is satisfied if the claims of the class representatives are "typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). Here, there is a sufficient link for purposes of a settlement class between the claims of the Named Plaintiffs and those of the absent class members, because Defendants obtained the class members' DPPA-regulated information originating from state DMV records, and used or made some of that information available for use or disclosure.

4

The Court further determines that the Named Plaintiffs and their counsel are adequate representatives of the settlement class under Rule 23(a)(4). In reaching this determination, the Court has considered: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake this litigation. *Fabricant*, 202 F.R.D. at 314.

The Court determines that the nine Named Plaintiffs have no interests in the proposed settlement that are adverse or antagonistic to the interests of the settlement class. Both the Named Plaintiffs and the settlement class members share the common interest of protecting their DPPA-regulated information. Each settlement class member will benefit from the injunctive relief that will be provided by the proposed settlement, and the proposed settlement preserves the right of settlement class members to bring individual suits for actual damages if they wish.

The Court also determines that proposed Class Counsel are competent to undertake this settlement. Class Counsel have experience in class actions and complex litigation. Class counsel have also demonstrated vigorous prosecution of the class claims throughout the litigation and mediation. Class Counsel have adequately represented the interests of the proposed settlement class. Accordingly, the Court is satisfied that the Named Plaintiffs and Class Counsel are adequate representatives of the conditional settlement class under Rule 23(a)(4).

In addition to the requirements of Rule 23(a), a proposed class action must satisfy one of the sections of Rule 23(b). In this case, the plaintiffs have moved to certify this class under Rule 23(b)(2). With respect to Rule 23(b)(2), a plaintiff seeking class certification must show that the defendant has "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief . . . with respect to the class as a whole." FED. R. CIV. P. 23(b)(2). Any request for monetary relief must be "incidental" to the injunctive relief, *Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2001), but statutory-damages claims may be included in Rule 23(b)(2) classes as incidental to injunctive relief. *See, e.g., Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 465 (S.D. Fla. 2002). The proposed settlement class satisfies the elements of Rule 23(b)(2).

The Court determines that Defendants have acted on grounds generally applicable to the settlement class as a whole by obtaining the settlement class members' DPPA-regulated information originating from state DMV records, and using or making some of that information available for use or disclosure. The Court determines that the release of statutory liquidated damages claims in the proposed settlement is incidental to the injunctive relief provided by the settlement. Any claims that the settlement class members may have for actual damages are preserved by the settlement and thus do not preclude certification under Rule 23(b)(2). Consequently, the Court determines that the requirements for certification of a settlement class under Rule 23(b)(2) are satisfied.

6

For the sole purpose of determining (i) whether this Court should finally approve the proposed settlement as fair, reasonable, and adequate; and (ii) whether the Court should dismiss the litigation with prejudice as to Defendants, the Court hereby certifies a settlement class as follows: "All persons whose Personal Information or Highly Restricted Personal Information was obtained, used, or disclosed by either of the Defendants from April 1, 1998 through Final Judgment." Federal judges, their first degree relatives, and officers and directors of Defendants are excluded from the class definition.

If the proposed Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the settlement class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

### B.     Appointment of Class Counsel and Class Representatives

Having certified this nationwide class for settlement purposes only under Rule 23(b)(2), the Court is now required to appoint Class Counsel under Rule 23(g). *See* FED. R. CIV. P. 23(g)(1)(A).

Having considered the work Named Plaintiffs' counsel have done in identifying and investigating potential claims in this action, their experience in handling class actions,

other complex litigation, and claims of the type asserted in this action, their knowledge of the applicable law, and the resources they have committed to representing the class, the following attorneys are designated Class Counsel under Rule 23(g)(1): Tod Aronovitz, of Aronovitz Law; John A. Yanchunis, of James, Hoyer, Newcomer, Smiljanich & Yanchunis, P.A.; David D. Welch, of David D. Welch Law Offices; Joel S. Perwin, of Joel S. Perwin, P.A.; Peter A. Portley, of Portley and Sullivan; Lawrence D. Goodman, of Devine, Goodman, Rasco & Wells, P.A.; James K. Green, of James K. Green, P.A.; and Jack Scarola, of Searcy, Denney, Scarola, Barnhart & Shipley, P.A. The Court further designates Tod Aronovitz and John A. Yanchunis as Lead Class Counsel.

The following individuals are designated as the Class Representatives: Richard Fresco, Carlos Barrett, Jeffrey Hy, Mary Ann Collier, Roy McGoldrick, Robert Pino, Kenneth Heretick, Russell V. Rosen, and Joel Levine.

## C.  Preliminary Approval of Proposed Settlement

Under Rule 23(e)(1) the Court will approve a class-action settlement if it is "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(1). Approval of a class-action settlement is a two-step process. In the first step, the Court determines whether the proposed settlement should be preliminarily approved. *See* DAVID F. HERR, ANNOTATED MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2008). At the preliminary-approval step, the Court is required to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Id.* § 21.632. A proposed settlement should be preliminarily approved if it "is 'within the range of possible

approval' or, in other words, [if] there is 'probable cause' to notify the class of the proposed settlement." *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994).

In the second step, following appropriate notice to the class and after hearing from any potential objectors, the Court makes a final decision whether to approve the proposed settlement. *See* ANNOTATED MANUAL FOR COMPLEX LITIGATION §§ 21.633 - 35. Although the Court will not make a final decision regarding approval of the Settlement Agreement until later at the final approval hearing, the Court is aware that its preliminary approval of the proposed settlement here will result in widespread notice of the proposed settlement being provided to the settlement class members.

Turning to the specific terms of the Settlement Agreement, Defendants have agreed to implement an injunctive relief program that is designed to enhance compliance with the DPPA. The injunctive relief is multi-faceted and will benefit all settlement class members by enhancing the protection afforded their DPPA-regulated information. When Defendants obtain, use, or disclose DPPA-regulated information, numerous steps to enhance DPPA compliance will apply to them, including: (a) an internal assessment to evaluate DPPA compliance; (b) a DPPA compliance director, who reports directly to senior management; (c) a written DPPA compliance program, which will, among other things, identify DPPA products, implement DPPA compliance reviews for those products, and maintain records regarding the disclosure of DPPA-regulated information; (d)

educational programs for employees regarding DPPA compliance; (e) credentialing and monitoring procedures for customers of DPPA products; (f) procedures to address suspected non-compliance issues regarding employees and/or customers; and (g) review by an Independent, Third-Party Assessor to ensure the Compliance Program is being implemented. In exchange for the injunctive-relief program, the Settlement Agreement releases settlement class members' claims for equitable relief, statutory liquidated damages, and punitive damages predicated on such claims, but preserves the right of individual class members to bring individual claims for actual damages, subject to a waiver of the class-action procedural device.

In evaluating the proposed settlement and considering whether it should be preliminarily approved as fair, reasonable, and adequate, the Court has considered the following factors: (a) the absence of any collusion among the parties; (b) the significant risks of continued litigation; (c) the complexity, expense, and duration of the litigation; (d) the substantial injunctive relief that will be provided under the proposed settlement; (e) the advanced stage of the litigation; and (f) the judgment of experienced counsel for the parties.

First, the Court finds there is no evidence of collusion in this proposed settlement, which favors preliminary approval. Plaintiffs and Defendants submitted to mediation before Mr. Chaplin, an eminently qualified mediator appointed by this Court. These negotiations took many months before resulting in a settlement. The Court is very

familiar with the professionalism and integrity of many of the attorneys before it. Based on all of these factors, the Court is convinced that there is no evidence of collusion here.

Second, the parties face significant risks from continued litigation, which also favors preliminary approval of the settlement. Plaintiffs have advanced a novel claim based on a statute with relatively little case law interpreting it. While Defendants have acknowledged that they obtain DPPA-regulated information, plaintiffs have not yet established any statutory violation by either of the Defendants or plaintiffs' entitlement to any damages, and Defendants have denied any such violations or damages. Further, the class certification issue has not yet been litigated. Obviously, there is some risk that if that issue were to be litigated, the Court would find that the plaintiffs' proposed class could not be certified for trial purposes. Defendants also face risks of continued litigation. If a class were to be certified for trial purposes, Defendants would face an enormous class of plaintiffs.

The Court also finds the complexity, expense, and duration of this litigation favor preliminary approval of the proposed settlement. Were this matter to continue, numerous, complex issues of law would have to be resolved at the cost of considerable time and expense to the parties and the Court.

The substantial injunctive relief that will be provided under the proposed settlement also favors preliminary approval. The injunctive relief program described above addresses each level at which individuals interacting with Defendants could come

into contact with DPPA-regulated information and works to protect DPPA-regulated information from improper use or disclosure. In fact, the procedures required under the injunctive-relief program exceed the requirements of the DPPA.

Finally, the advanced stage of the litigation and the judgment of experienced counsel for the parties favor preliminary approval. This case was filed almost five years ago. The parties have engaged in substantial discovery. Vigorous and contentious motion practice has been present from the beginning, plaintiffs' motions to compel discovery, Defendants' joint motion to preclude evidence, Defendants' motion for summary judgment, and, most recently, Defendants' motion for judgment on the pleadings. Therefore, the parties and the Court are well placed to assess the strength of this case and the comparative benefits of the proposed settlement. Moreover, this proposed settlement is supported by experienced counsel for the parties. Plaintiffs are represented by eight law firms and many highly respected attorneys, including some with significant experience in other class actions. Similarly, Defendants are represented by several leading class action trial lawyers and some of the most respected corporate law firms in the country. The unanimous support of counsel for this settlement weighs in favor of its approval.

Based on the foregoing, the proposed settlement is hereby preliminarily approved as fair, reasonable, and adequate, subject to further consideration at the final approval hearing described below. Named Plaintiffs and Defendants are authorized and directed to

take all actions that may be required prior to final approval by the Court of the proposed settlement and release set forth in the Settlement Agreement.

### D. Approval Of The Proposed Notice Plan

As a preliminary matter, the parties agreed to provide notice of the proposed settlement to appropriate federal and state officials as if the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), applied to this case (even though CAFA may not apply). On March 20, 2009, The Garden City Group, Inc. ("Garden City"), sent the CAFA Notice to the Attorney General of the United States; to the Attorneys General of all fifty states, the District of Columbia, Puerto Rico, and the Virgin Islands; and to DMV officials in all fifty states and the District of Columbia. On June 10, 2009, Defendants filed a Certification of Compliance With CAFA, certifying that Garden City had served notice of the proposed settlement on those federal and state officials within the time prescribed by CAFA. The Court has reviewed that CAFA Notice and finds it to be proper and sufficient. The Court further approves of the method of delivery.

Once preliminary approval of a settlement is granted, Rule 23(e)(1)(B) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." FED. R. CIV. P. 23(e)(1)(B).

The parties have proposed to use Garden City as the Notice Administrator. The Court has reviewed materials about this organization and has concluded it has extensive and specialized experience and expertise in class-action settlements and notice programs.

Garden City has administered more than 1,000 settlements including many complex domestic and international notice programs approved by courts in connection with class actions and class action settlements. (Finegan Aff. ¶¶ 2-3). Ms. Finegan, Garden City's representative, has served as an expert witness on the issue of class action notice programs and has lectured and authored publications on that subject. (*Id.* ¶ 5). The Court hereby appoints Garden City as the Notice Administrator, to assist and provide professional guidance in the implementation of the notice plan and other aspects of the settlement administration. Garden City shall be responsible for maintaining any records of, and keeping the Court and the parties apprised of, any objections or written statements filed by settlement class members or government officials.

The Court has evaluated the proposed notice plan to determine if it is reasonable. The notice plan that the parties have agreed upon in the Settlement Agreement is extensive and multifaceted. It employs a combination of publication and Internet notice designed to reach a significant number of settlement class members. The notice program provides for the following:

- A Class Settlement Website, which will contain important settlement documents, including the Settlement Agreement, the Long-Form Notice (in both English and Spanish), and this Order. The website will also include a description of the injunctive relief, answers to questions class members may have, and updates on the status of the settlement approval process;

- A toll-free telephone number, which provides settlement class members with access to information, in English and Spanish, about the settlement;

- Internet banner advertisements directing class members to the Class Settlement Website;

- An outreach program to state DMVs, which provides that settlement announcements, the URL for the Class Settlement Website, and the toll-free telephone number will be offered to more than 2,600 driver's license bureau and department of motor vehicle locations across the United States with the request that the notice materials be placed where the public can see them; and

- The publication of Summary Notice in various national newspaper supplements and consumer magazines, including Parade, USA Weekend, American Profile, in 78 Spanish-language newspapers, and in territory newspapers with an estimated collective circulation of over 250,000.

The notice plan was designed by Garden City. Developing the notice plan in this case involved a study of the profile and media habits of the settlement class members and an evaluation as to what media sources would be appropriate to reach that audience. (Finegan Aff. ¶¶ 13). Garden City estimates that the comprehensive notice plan will reach approximately 80 percent of the settlement class members. (*Id.* ¶ 20).

The Court has also reviewed the Long-Form Notice and Summary Notice attached as Exhibits A and B to the Settlement Agreement. After careful review of each of these notices, the Court has concluded that they concisely and clearly state, in plain, easily understood language, the nature of the action; the definition of the class certified; the class claims, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; and the binding effect of a class judgment on class members. Such notice of a Rule 23(b)(2) class settlement is designed to reach a significant number of class members and is otherwise proper under Rule 23(e)(1)(B).

Based on the foregoing, the Court hereby approves the notice plan developed by the parties and directs that it be implemented according to the Settlement Agreement and

the notice plan attached at Exhibit 2 to Named Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Proposed Settlement.[1] The Court finds that the notice plan constitutes reasonable notice under Rule 23(e)(1)(B) and satisfies due process. The settlement class is estimated to include more than 200 million individuals, and the cost to identify individual class members and to provide them with individual notice is not reasonable in these circumstances. The cost of the Notice Plan shall be paid by Defendants according to the terms of the Settlement Agreement.

### E.   Procedure for Objection and Intervention

Any settlement class member who, or governmental entity that, wishes to object to the proposed settlement may do so by mailing a copy of the objection to

> Objections – Fresco Notice Administrator
>
> The Garden City Group, Inc.
> P.O. Box 9000, #6520
> Merrick, New York 11566-9000

The objection must be mailed and postmarked by **October 9, 2009**, and must include all of the following:

- The name of the case, *Fresco, et al. v. R.L. Polk & Co. and Acxiom Corp.*, Case No. 07-cv-60695-JEM;

- The objector's name, address, and telephone number;

- A statement of the objection and a summary of the reasons for the objection;

---

[1] Non-substantive changes may be made to the Notice Plan and to the Long-Form Notice and Summary Notice by agreement of Named Plaintiffs and Defendants without further order of this Court.

- Copies of any documents upon which the objection is based; and
- A statement of whether the objector or the objector's lawyer will ask to speak at the final approval hearing.

If an objector employs a lawyer to prepare the objection, then the objection letter must also include a section detailing the lawyer's experience with class actions. The section must specifically list the capacity in which the lawyer participated in each class case (*e.g.* plaintiffs, defendants, or objectors' counsel) and the outcome of each class case. If the lawyer represented objectors in a class case, then the lawyer must detail the disposition or effect that the objection had on each class case.

Further, even if an objector employs a lawyer to prepare the objection, the objector must still personally sign the objection letter. By signing the objection letter, the objector is attesting that he or she discussed the objection with the lawyer and has fully reviewed the objection letter.

Any person who wishes to appear at the final approval hearing, either in person or through counsel, in addition to providing the above information shall also:

- Identify the points the objector wishes to speak about at the hearing;
- Enclose copies of any documents on which the objector intends to rely at the hearing;
- State the amount of time the objector requests for speaking at the hearing; and
- State whether the objector intends to have a lawyer speak on his or her

behalf.

Any lawyer who intends to appear or speak at the final approval hearing must enter a written notice of appearance of counsel with the Clerk of the Court no later than **November 9, 2009**. All properly submitted objections shall be considered by the Court.

Any objector who does not properly and timely object in the manner set forth above will not be allowed to appear at the final approval hearing and will not be allowed to object to or appeal the final approval of the proposed settlement, the dismissal of the case, any award of attorneys' fees and expenses to Class Counsel, or any incentive awards to the Named Plaintiffs.

### F.     Final Approval Hearing

A final approval hearing shall be held at **10:00 a.m. on December 7, 2009** for the purpose of determining whether the proposed settlement set forth in the Settlement Agreement shall be approved finally by the Court and whether final judgment dismissing the litigation with respect to Defendants is appropriate. The Court will also consider Class Counsel's request for attorneys' fees, costs, and expenses, and Named Plaintiffs' request for an incentive award. This hearing will be held at the United States Courthouse, United States District Court, Southern District of Florida, 400 North Miami Avenue, Miami, Florida 33128 in Courtroom 10-2.

Counsel are directed to file any remaining briefs in support of the proposed settlement no later than **November 9, 2009**. Class Counsel are directed to file any material in support of their fee petition no later than **November 9, 2009**.

The Court may (i) approve the Settlement Agreement, with such modifications as may be agreed to by the parties, without further notice; and (ii) adjourn the final approval hearing from time to time, by oral announcement at the hearing without further notice. The Court retains exclusive jurisdiction over the litigation to consider all further matters arising out of or in connection with the proposed settlement.

### G.     Temporary Injunction to Preserve the Status Quo

To preserve the status quo pending this Court's determination on whether to approve the Settlement, it is further ORDERED and ADJUDGED that:

Under 28 U.S.C. § 1651 and Federal Rule of Civil Procedure 23, the settlement class members are temporarily enjoined from commencing, continuing or taking any action in any judicial proceeding in any state or federal court or any other judicial or arbitral forum against the released parties in the proposed Settlement with respect to any of the claims or issues covered by the proposed Settlement.

This Injunction is intended to cease immediately all litigation involving any of the claims or issues covered by the proposed Settlement in all courts and other judicial and arbitral tribunals throughout the United States. Any individual who wishes to object to, or comment on, this Settlement or certification will have the opportunity to be heard at the fairness hearing scheduled by this Court. This injunction will terminate at the time the Court determines whether to approve the class certification and proposed Settlement (unless converted into a permanent injunction in the Order finally approving the Settlement) and, prior to that time, any request for relief from the injunction shall be

made to this Court.

It is hereby ORDERED AND ADJUDGED that the Named Plaintiffs' motion is GRANTED.

DONE AND ORDERED in Chambers in Miami, Florida this 15 day of June, 2009.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE