IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RICHARD FRESCO, CARLOS BARRETT, JEFFREY HY, MARY ANN COLLIER, ROY MCGOLDRICK, ROBERT PINO, KENNETH HERETICK, RUSSELL V. ROSE AND JOEL LEVINE<br>    Plaintiffs<br><br>v.<br><br>R.L. Polk & Co. and Acxiom Corp.<br>    Defendants | CASE NO. 07-cv-60695-JEM |



FILED by _____ D.C.
OCT 07 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

### JEFFREY WEINSTEIN AND D.J. POWERS' OBJECTION TO PROPOSED SETTLEMENT, OBJECTION TO CLASS CERTIFICATION, OBJECTION TO APPLICATION FOR ATTORNEYS' FEES, NOTICE OF APPEARANCE, REQUEST TO SPEAK AT THE HEARING

To The Honorable Judge:

Come Now Class Member Objectors Jeffrey Weinstein and D.J. Powers ("Objectors"), and file this Objection to the Proposed Settlement, Objection to Class Certification, Objection to Application for Attorneys' Fees, Notice of Appearance, and Request to Speak at the Hearing would show as follows:

1. **Summary of objections**

Objectors raise the following objections to the settlement, discussed more fully below:

    1.1 The settlement class is not maintainable under Rule 23(b)(2).
    1.2 Individual mail notice to the class is required because the settlement includes a waiver of class members' right to statutory and punitive damages. The parties failed to provide individual mail notice to class members.
    1.3 The waiver of statutory and punitive damages without any payment to class members renders the settlement unfair, unreasonable, and inadequate.
    1.4 The Settlement includes an improper declaration that Defendants have obtained, used, and disclosed DPPA Regulated Information "only in compliance with the DPPA."
    1.5 The waiver of the right to file a class action is unfair, unreasonable, and illegal.
    1.6 The settlement rewards Defendants and Class Counsel at the expense of Class Members.
    1.7 The proposed attorneys' fees are excessive.

## 2. Standing to object

Objectors are both members of the class and entitled to file these objections under FED. R. CIV. P. 23 (e)(4)(A).

## 3. Notice of Appearance

Objectors hereby enter their appearance in this cause, each representing only himself.

## 4. Request to Speak at the Hearing

Objectors request that they be allowed to appear at the final approval hearing to talk about these objections and to otherwise participate in the final approval hearing. Objectors would like to discuss each of the points of objection set forth herein. Objectors anticipate needing 15 minutes to present those objections. Objectors will appear on their own behalf.

## 5. Objections to Class Certification

Objectors object to certification of the settlement class for the following reasons.

First, the settlement class is not maintainable under Rule 23(b)(2). The class can be maintained as a Rule 23(b)(2) class only if the injunction "predominates" the relief sought, with monetary damages that are "incidental." *Murray v. Auslander*, 244 F.3d 807 (11th Cir. 2001). That court adopted the Fifth Circuit's analysis that "incidental damages should be only those to which class members automatically would be entitled once liability to the class (or subclass) as a whole is established." *Id.* at 812, citing *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 411 (5th Cir.1998). The 11th Circuit again made clear that the damages would need to be "automatic" for them to be only incidental. *Id.* (denying certification because "it appears that Plaintiffs seek damages to which they would not be automatically entitled even if Defendants' liability to the class is established."). Under the DPPA, damages would not be incidental because they would not be automatic. 18 U.S.C. § 2724 (b) ("The court *may* award-- (1) actual damages, but not less than liquidated damages in the amount of $2,500; (2) punitive damages ...").

Second, the Settling Parties did not provide first class mail notice to members of the settlement class for whom Defendants have a mailing address. The issue is: should the settling parties be able to take away a statutory right to damages from class members without giving them individual notice? The settling parties attempt to do so violates every notion of due process and fairness.

The Settling Defendants, of course, have the names and addresses of class members, as their obtaining of that information is, in part, the subject of this suit. In addition, as is typical in most class actions, the parties can update those addresses through various means. Due process requires that these class members be given individual mail notice, not notice by publication:

- *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ("As to known present beneficiaries of known place of residence, however, notice by publication stands on a different footing. Exceptions in the name of necessity do not sweep away the rule that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties. Where the names and post office addresses of

those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.").

- *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156 (U.S. 1974)("The short answer to these arguments is that individual notice to identifiable class members is not a discretionary consideration to be waived in a particular case. It is, rather, an unambiguous requirement [of the Class Action Rule]").

Approval of the settlement would constitute a denial of the class members' due process rights under the U.S. Constitution and would violate Rule 23.

The clear intent of Rule 23 is that individual notice is required when the judgment includes a binding waiver of the class members' rights for monetary damages. Rule 23 (c)(2)(B) requires that individual notice be sent and that the notice must state "the binding effect of a class judgment on class members under Rule 23(c)(3)." That section shows the clear intent that if, as here, the parties intend to take away class members' right to monetary damages, then they must provide individual notice. Because the settlement here goes beyond equitable relief and attempts to take away the class members' rights to monetary damages, individual notice is required.

The absurdity of the Settling Parties' position is that had the settlement provided *any payment* to class members in exchange for the waiver, then even under their argument individual notice of the waiver would be required, but since they provided *no payment* to class members for the waiver, individual notice of the waiver, they claim, should not required. Their position turns the justification for notice on its head – class members only get individual notice about a release if they actually get something for the release.

### 6. Objections to Settlement

The settlement is not fair, reasonable, or adequate, and Objectors object to the settlement, for the following reasons.

### a. The waiver of statutory damages without any payment to class members renders the settlement unfair, unreasonable, and inadequate.

The settlement is not fair, reasonable, or adequate, and Objectors object to the settlement, because it contains a full waiver of injunctive relief *and* statutory and punitive damages, but only provides injunctive relief. The DPPA provides that a class member may recover actual damages for violations of the Act, "but not less than liquidated damages in the amount of $ 2,500" as well at the right to punitive damages. 18 U.S.C. § 2724 (b)(1, 2). The Settlement includes *a complete waiver of the class members' right to this monetary recovery but no payment to class members.*

In a clear effort to (1) avoid the necessity of individual notice to class members and (2) to shift substantially all of the monetary relief Defendants are willing to pay to settle this case to Class Counsel instead of the class, the Settling Parties have engaged in a scheme that makes coupon settlements look good. In a coupon settlement class members at least have the option of using the coupon and receiving some monetary benefit. Here the Settling Parties have abused the class action device even further by ensuring that 100% of the money Defendants are willing to pay to end this litigation go to the Class Counsel, instead of the class members.

While an injunction for the future may or may not be of benefit to class members, it clearly does not compensate them for past DPPA violations. If there were past violations, then class members are entitled to recover the statutory penalties. If there were no past violations, then Class Counsel are not entitled to a fee for bringing a frivolous claim. Either way, the settlement is not fair, reasonable, or just.

### b. The Settlement includes an improper declaration that Defendants are using DPPA Regulated Information "only in compliance with the DPPA."

The settlement improperly makes a declaration on the merits – a declaration that substantially benefits the Defendants. Despite the claim that the Settlement is a compromise, the Settlement actually calls for the Court to declare that the Settling Defendants have not violated the law. The Settlement provides that the Final Order and Judgment shall contain the following language:

a. Defendants are obtaining ... DPPA Regulated Information for themselves or their customers only in accordance with the DPPA and the DPPA State Equivalents.

b. Defendants are using ... DPPA Regulated Information for themselves or their customers only in accordance with the DPPA and the DPPA State Equivalents.

c. Defendants are disclosing ... DPPA Regulated Information for themselves or their customers only in accordance with the DPPA and the DPPA State Equivalents.

Settlement Agreement p. 17-18. This section is allegedly the injunction language, which should provide for *future* action. There is no justifiable reason for inserting what effectively amounts to a declaratory judgment that Defendants *are currently complying* with the law. This declaration will particularly hurt class members who desire to seek actual damages against the Defendants for a violation of the DPPA. Although their claims would not be waived, they would be bound by the declarations that Defendants did not violate the statute. Then at p. 31- 32 of the settlement the parties further declare that Defendants may obtain, use, and disclose DPPA Regulated information. This is similarly improper.

The release claims to leave open individual suits for actual damages, but these two provisions effectively eliminate any chance a consumer has for proving a violation of the statute. Thus, the settlement effective eliminates even individual claims for actual damages.

### c. Class action waiver

The waiver of the right to file a class action is unfair, unreasonable, and illegal. For small statutory violations like those at issue here, the class action is often the only way class members will be able to obtain relief. Yet, the parties attempt to illegally take this right away from class members:

> The Named Plaintiffs and Settlement Class Members waive their right to pursue, in the future, any Claims against the Released Parties that were or could have been brought in the Litigation ... using the class action procedural device.

Settlement Agreement, p. 39. This provision significantly prohibits the ability of class members to pursue actual damages claims. This provision is particularly egregious in this case because

this is a mandatory class, so class members would lose their rights even if they do not want to be bound by the settlement. Instead of one claimant or one group of claimants proving that Defendants' conduct violates the statute, this provision means that every individual class member with a claim – potentially millions of people – would have to reinvent the wheel and prove the same thing, unnecessarily wasting the courts' and the parties' time.

This settlement is very similar to the one rejected by the 7th Circuit in *Crawford v. Equifax*, 201 F.3d 877 (7th Cir. 2000), where the "benefit" of the class settlement was to permit individual claims but prohibit class claims, and the Seventh Circuit reversed, noting:

> Members of the class other than [the named Plaintiff] receive no relief for harms that may already have been done. They gain nothing (the settlement does not include a concession of liability that would facilitate individual suits), but lose something: the possibility of any collective proceeding for damages. Because these are small-stakes cases, a class suit is the best, and perhaps the only, way to proceed.

*Id.* at 880. That same rationale applies here as to class members who seek to pursue their individual claims: they may pursue their individual claims against Defendants, but (1) the settlement does not include a concession of liability that would facilitate individual suits and (2) they lose the only way to effectively proceed with their claims. Even worse, as shown above, there is a declaration that Defendants *complied with the DPPA statute.*

The Seventh Circuit rejected the argument that class members are not harmed by a settlement that permits individual claims but prohibits class claims:

> only damages matter, yet all the settlement does for (to?) them is cut them off at the knees. They gain nothing, yet lose the right to the benefits of aggregation in a class.

*Crawford v. Equifax*, 201 F.3d at 882. That same analysis applies here.

Instead of one claimant or one group of claimants proving that Defendants' conduct violates the statute in a suit for actual damages, this provision means that every individual class member – millions of people – would have to reinvent the wheel and prove the same thing in separate law suits, unnecessarily wasting the courts' and the parties' time. State and federal courts have promulgated class action rules specifically to prevent that waist of their resources, and the settling parties have failed to provide any rationale for wasting future court and party resources.

The determination of whether some future suit should proceed as a class action is within the jurisdiction of the court in which that case is filed. In any event, the waiver is not fair or reasonable to class members.

> **d. The settlement rewards Defendants and Class Counsel at the expense of Class Members.**

The settlement is not fair, reasonable, or adequate, and Objectors object to the settlement, because it unfairly and unreasonably benefits Defendants and Class Counsel at the expense of class members. There are three interests at stake in the settlement of a class action: Defendants', class members', and Class Counsel's. Because only the Defendants and Class Counsel participate in the settlement negotiations, there is a risk that the Defendants and Class Counsel

will negotiate a deal to reduce the Defendants payout and increase the Class Counsel's fees, all to the detriment of class members. For instance, assume the Defendants have analyzed the case and determined that it would be in their interest to settle the case for $10 million in exchange for a release of liability. Assume that Class Counsel also value the case at $10 million, and believe they could obtain 30% of that as attorneys fees, or $3 million. It would benefit the Defendants and Class Counsel to settle the case for $7.5 million with all of the money going to the attorneys. The only class members to participate (if at all) are the named class members, but they are given incentive awards in the settlement. Since non-named class members are not present during these negotiations, they pay for the benefits to the settling parties.

In this case the settling parties have done essential just that. Defendants were willing to spend at least $7.5 million to settle this suit, so the settlement is clearly not a nuisance settlement. Defendants believed they had legitimate exposure. Rather than have Defendants spend that money to directly benefit class members, Class Counsel settled for having the entire monetary relief go to them.

7.  **Attorneys' Fees**

Objectors object to the proposed $7.5 million fee award.

First, class counsel has already received millions of dollars in the first DPPA settlement, and should not be compensated twice for the same work. The marginal amount of additional time spent on this case could not possibly justify the $7.5 million fee award.

Second, Objectors reserve the right to assert additional facts and legal argument at the final fairness hearing in response to Class Counsel's evidence and arguments offered in support of the requested fee.

Wherefore, Objectors pray that the Court disapprove the proposed settlement, certification of the settlement class, and application for attorneys' fees, and grant Objectors such other and further relief as to which they may be entitled.

Respectfully submitted on October 6, 2009,

_____
D.J. Powers
301 Park Lane
Austin TX 78704
512/444/1641
512/444-2056 – facsimile

_____
JEFFREY L. WEINSTEIN
518 East Tyler Street
Athens, TX  75751
903/677-5333
903/677-3657 – facsimile

## CERTIFICATE OF SERVICE

A copy of the foregoing Objection to Proposed Settlement and Objection to Application for Attorneys Fees was on this 6th day of October, 2009, delivered to the following:

The Garden City Group, Inc.
P.O. Box 9000, #6520
Merrick, New York 11566-9000

United States District Court Clerk's Office
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, 8th floor
Miami, FL 33128

Tod Aronovitz, Esq.
Aronovitz Trial Lawyers
150 W. Flagler Street
Suite 2700
Miami, FL  33130

John A. Yanchunis, Esq.
James Hoyer Newcomber & Smiljanich, P.A.
3301 Thomasville Road
Suite A200
Tallahassee, FL  32308

Christopher Mason
Nixon Peabody, LLP
437 Madison Ave.
NY, NY 10022

Juan Enjamio
Hunton & Williams LLP
Mellon Financial Center
1111 Brickel Ave, Ste. 2500
Miami, FL 33131

_____
Jeff Weinstein