THE LAW FIRM OF

Geraghty, Dougherty, & Edwards, P.A.

PATRICK E. GERAGHTY
*Board Certified Civil Trial Attorney*

THOMAS M. DOUGHERTY

C. BERK EDWARDS

CHARLES E. EDWARDS
*Real Estate*

October 9, 2009

Wilkie D. Ferguson, Jr., Clerk
United States District Court
Southern District of Florida
400 North Miami Avenue, 8th Floor
Miami, Florida 33128

      Re:    Richard Fresco, et al. v. R.L. Polk & Co., and ACXIOM Corporation
             Case No. 07-60695-JEM

Dear Mr. Ferguson:

      I, Scott Owen Ashby ("Ashby"), by and through his attorneys, files this objection to the Settlement Agreement and Release ("Settlement") in the above-captioned matter.

      The Settlement at issue here, for which the Fresco Plaintiffs are currently seeking final approval, is: (1) woefully inadequate, as it releases the rights of millions of Settlement Class Members throughout the United States in exchange for little to no consideration whatsoever, (2) constitutes an abuse of the Federal Rule of Civil Procedure 23(b)(2) procedural device, (3) involves named plaintiffs with a potential conflict of interest juxtaposed against the rights of the other members of the Settlement Class, and (4) provides for excessive attorneys' fees compared to the relief provided to the Settlement Class. For these reasons and those stated below, Ashby respectfully requests that the Court deny the Fresco Plaintiffs' motion for final approval of the Settlement.

      The Fresco Plaintiffs' Third Amended Complaint, the operative complaint at the time the Settlement was entered into, sought "actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence", for Defendants' allegedly unlawful obtainment, disclosure, and use of Settlement Class Members' motor vehicle information in violation of the Driver's Privacy Protection Act, 18 § U.S.C. 2721, *et seq.* ("DPPA") *See, e.g.*, Plaintiffs' Third Amended Class Action Complaint and Jury Trial Demand [D.E. #35], at ¶¶8, 20, 27. Yet, despite the vast potential value of Settlement Class Members' claims, a Settlement Class which likely numbers in excess of 100 million, Settlement Class Members receive nothing.

The only "value" provided by the Settlement is the injunctive relief being provided to the Settlement Class—essentially, Defendants must comply with the law and engage in some minor internal procedures associated with ensuring said compliance. Yet, Defendants are allowed to continue their practice of obtaining, disclosing, and using the motor vehicle records of all Settlement Class Members, which were alleged to have been unlawfully obtained, disclosed, and used for purposes such as "direct mail marketing, telephone solicitations and other forms of mass marketing and advertising." *See, e.g.*, [D.E. #35] at ¶20. In fact, one of Lead Counsel here has recently filed another lawsuit against a different defendant based on the same allegations as those alleged herein—that the defendant unlawfully obtained, disclosed, and used individuals' motor vehicle information, and that the defendant is not an authorized recipient of said information. *See Young, et al. v. West Publishing Corp.*, No. 09-cv-22426 (S.D. Fla. Aug. 17, 2009), attached hereto as Exhibit "A". And, one of the named plaintiffs in that case, alleging that Westlaw must stop buying and selling drivers information, is one of the settling plaintiffs in this case, in which he agrees to let these defendant continue to do that which he initially alleged they could not, and which he now alleges Westlaw cannot. Surely, the Settlement at issue here contradicts the allegations of this most recent lawsuit, in that the defendant there should never have been allowed to obtain individuals' motor vehicle information in the first place, and its mere possession is in violation of the DPPA. Here, on the other hand, such conduct is allowed to continue, and Lead Counsel's concurrent endorsement and disapproval of said conduct cannot be reconciled, and further illustrates the lack of an appropriate remedy for the Settlement Class.

Further, Settlement Class Members' rights to statutory liquidated damages available under the DPPA are being explicitly released under the terms of the Settlement, including the right to bring any class-wide claims for such relief. Settlement Agreement at 38–39. And while the Settlement reserves the right for Settlement Class Members to file individual lawsuits for actual damages under the DPPA, counsel for the Fresco Plaintiffs have already admitted that such amounts are so small and insignificant that it would not be worth the effort to even bring such a lawsuit, which is why the lawsuit was filed as a class action. *See, e.g.*, [D.E. #35] at ¶18 ("The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is small because the minimum amount of statutory damages in an individual action is $2,500.00, and it is unlikely that any Class Member's actual damages will exceed the statutory amount.").

The Settlement also abuses the use of Rule 23(b)(2) as a class action device. Pursuant to Rule 23(b)(2), a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." However, the intent of Rule 23(b)(2) is to stop a defendant from engaging in unlawful conduct that effects the class as a whole. Its intent is not to deprive class members of other rights they may have, and do have here, that are properly dealt with through Rule 23(b)(3). Moreover, under Rule 23(b)(2), and the Settlement, there is no requirement that class members be allowed to opt-out of the class-wide settlement. Thus, Settlement Class Members are bound by the terms of the settlement and forever foreclosed from seeking recovery for the statutory liquidated damages provided for under the DPPA for violations of the statute.

And due to the less stringent notice requirements under Rule 23(b)(2), members of the Settlement Class are less likely to be apprised of the Settlement and their rights that are being stripped from them, which raises further concern as to the use of such a Rule 23(b)(2) settlement class in this context. The claims at issue here are principally monetary in nature, as illustrated by the Third Amended Complaint. The injunctive relief being sought was merely ancillary to the statutory liquidated damages being sought under the DPPA, and to certify a settlement class under Rule 23(b)(2) as opposed to 23(b)(3) strips Settlement Class Members of the constitutional rights afforded them under (b)(3).

In the Fresco Plaintiff's Third Amended Complaint, it states that "Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action." [D.E. #35] at ¶¶24, 31, 38. Ashby objects to the Named Plaintiffs' adequacy as representatives of the Settlement Class to the extent the Named Plaintiffs are committed to paying any fees or costs other than on a contingency fee basis. If the Named Plaintiffs are responsible for paying Lead Class Counsel's attorneys' fees and costs, the incentive for them to enter into and endorse a settlement that provides nothing more than injunctive relief for hundreds of millions of Settlement Class Members in exchange for incentive awards to each of $4,500.00 and $7,500,000 in attorneys' fees and costs for their counsel conflicts with the interests of the Settlement Class Members they purport to represent.

As noted above, Settlement Class Members receive no tangible benefits under this massive, nationwide settlement that spans a period of more than ten (10) years and includes hundreds of millions of individuals. Defendants have essentially agreed to do little more than simply comply with the law (which they are already bound to do, irrespective of the Settlement), and the certification of a Settlement Class with injunctive relief under Rule 23(b)(2) is nothing more than a façade for that which is already required of, and expected of, Defendants under the DPPA. An additional egregious result of this proposed settlement is that it also prohibits Class Members from states that still use Social Security Numbers as drivers license numbers from taking any steps to stop the purchase, and resale, of that information by these defendants. The exceptions in the DPPA that allow such information to be obtained and resold, when such highly restricted information is being obtained and sold, are much more restrictive than Personal Information and, as such, these class representatives can not represent any class member from such a state. The difference creates a serious conflict of interest when these named plaintiffs and lead counsel are releasing claims of class members who are in a completely different situation and they can not adequately represent class members whose highly restricted information is being released and resold by defendants.

Respectfully submitted,

*(signature)*

Scott Owen Ashby

*(signature)*
Address
627 SW 25th LW
Cape Coral, FL 33914

239-910-0224
Telephone No.

*(signature)*
Patrick E. Geraghty, Esquire
Florida Bar No. 0114920
Geraghty, Dougherty & Edwards, P.A.
Post Office Box 1605
Fort Myers, Florida 33901
Counsel for Scott Owen Ashby

## Patrick E. Geraghty, Esquire
## Class Action Experience

1.  United States District Court
    Middle District of Florida
    Fort Myers Division

    Elizabeth Dowd, et al., v. Delhaize America, Inc., d/b/a/ Sweetbay, et al.
    Case No. 2:08-cv-314

    Represented Plaintiff. Case was dismissed.

2.  United States District Court
    Middle District of Florida
    Tampa Division

    Linda Beringer, et al. v. Certigy Check Services, Inc.
    Case No.: 8:07-cv-01657-EAK

    Represented Plaintiff. Case Settled.

3.  United States District Court
    Middle District of Florida
    Tampa Division

    Dana M. Lockwood, et al. v. Certigy Check Services, Inc.
    Case No. 8:07-cv-0143SDM

    Represented Plaintiff. Case Settled.

4.  United States District Court
    Middle District of Florida
    Fort Myers Division

    Joann Sharkey, et al. v. The TJX Companies, Inc., et al.
    Case No. 07–CV-389-FtM

    Represented Plaintiff. Case Settled.

5. United States District Court
   Eastern District of Louisiana

   In Re: High Sulphur Content Gasoline Products Liability Litigation

   Case No. 04-md-1632
   MDL No. 1632

   Represented Plaintiff. Case settled.
   Member of the Plaintiff's Fee Committee
   One of Plaintiffs' counsel objecting to attorney fee and issue
   before Fifth Circuit Court of Appeals.

6. United States Bankruptcy Court
   Western District of Michigan

   SCBA Liquidation, Inc. f/k/a Second Chance Body Armor, Inc. v. Toyobo Co. Ltd., et al.

   Case No. 05-80019

   Represented Plaintiff. Case Settled.
   Objection denied.

FILED by PCS D.C.

AUG 17 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DAVID YOUNG and CARLOS BARRETT,
on behalf of themselves and all others similarly
situated,

**09-22426**

Plaintiffs,

vs.

CASE NO.
COMPLAINT—CLASS ACTION

WEST PUBLISHING CORPORATION,
a foreign corporation authorized to do
business in the state of Florida,

CIV-MORENO

Defendant.

_____/

TTORRES

## CLASS ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiffs, DAVID YOUNG and CARLOS BARRETT, on behalf of themselves and all others similarly situated, sue Defendant, WEST PUBLISHING CORPORATION, and in support thereof state as follows:

### NATURE OF THE CASE

1. This is a nationwide class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. Plaintiffs seek damages and injunctive relief for Defendant's obtainment, disclosure and use of the personal information of millions of individuals in violation of the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-2725.

### PARTIES

3. Plaintiffs, DAVID YOUNG and CARLOS BARRETT ("Plaintiffs"), have at all times material to this action had a motor vehicle registered with the Florida Department of


EXHIBIT A

Highway Safety and Motor Vehicles ("DHSMV"), and have held a Florida driver's license issued by the Florida DHSMV. Mr. YOUNG is a resident of Miami-Dade County, Florida, and Mr. BARRETT is a resident of Broward County, which are located in this District.

4. Defendant, WEST PUBLISHING CORPORATION ("WEST"), is a foreign corporation authorized to do business in the state of Florida where it maintains a registered agent at Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. WEST was incorporated in Minnesota where it maintains its principal place of business at 610 Opperman Drive, Eagan, Minnesota 55123. WEST is a leading provider of legal information services throughout the United States. Among other things, it provides the online legal research service known as Westlaw. Westlaw offers search features and navigation tools that enable customers to search relevant databases including motor vehicle and driver's license records. Westlaw is the primary online delivery platform for the Legal Segment of the Professional Division of WEST's parent company, Thomson Reuters, PLC.

## JURISDICTION AND VENUE

5. Defendant is registered as a foreign for-profit corporation in this state, and has thereby submitted itself to the jurisdiction of Florida courts.

6. This Court has subject matter jurisdiction to consider Plaintiffs' class action claims brought pursuant to the Driver's Privacy Protection Act, 18 U.S.C. § 2724.

7. Jurisdiction is further conferred upon this Court by 28 U.S.C. §§ 1331 and 1332.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b). A substantial part of the acts or omissions giving rise to Plaintiffs' claim occurred in this District and Defendant transacts business, committed an illegal or tortious act in, and/or maintains agents or representatives in this District.

## THE DRIVER'S PRIVACY PROTECTION ACT

9. In 1994, Congress enacted the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725, as a response to privacy and safety concerns arising from easy access to the personal information contained in the records maintained by state departments of motor vehicles and the common practice in many states of generating immense revenues by selling that personal information.

10. In particular, Congress drafted the DPPA in reaction to the death of actress Rebecca Schaeffer who was killed by a stalker who obtained her personal information from her motor vehicle record. In addition, Congress cited as motivation a ring of Iowa home robbers who targeted victims by writing down the license plates of expensive cars and obtaining home address information from the state's department of motor vehicles.

11. To prevent such abuses, the DPPA prohibits any person from knowingly obtaining, disclosing, or using "personal information" contained in an individual's "motor vehicle record" unless the information is used for a specifically enumerated permissible use. 18 U.S.C. §§ 2721 and 2725.

12. The DPPA defines a "motor vehicle record" as "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration or identification card issued by a department of motor vehicles." 18 U.S.C. § 2725(1).

13. The DPPA defines "personal information" to mean "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (not including the 5-digit zip code), telephone number, and medical or disability information." 18 U.S.C. § 2725(3).

14. In this complaint, "personal information" shall mean the information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (not including the 5-digit zip code), telephone number, and medical or disability information that is contained in the individual's motor vehicle record maintained by the individual's state department of motor vehicles.

15. The DPPA provides individuals with civil remedies for violations of the act, including actual damages, liquidated damages of $2,500, punitive damages, equitable relief, costs and attorney's fees. 18 U.S.C. § 2724.

## DEFENDANT'S OBTAINMENT, USE OR DISCLOSURE OF PERSONAL INFORMATION FROM MOTOR VEHICLE RECORDS

16. At all times material to this complaint, WEST was and is a corporation specializing in legal publishing, online information delivery, bar exam preparation programs, and providing various other legal information products. WEST's primary brand is Westlaw which, according to WEST, is the industry-leading research service, with more than 30,000 legal, financial, and business news databases.

17. Amongst the more than 30,000 databases are those that WEST has filled with the personal information of millions of individuals. WEST obtained this personal information in direct violation of the DPPA from motor vehicle records maintained by state departments of motor vehicles ("DMVs").

18. Upon information and belief, WEST updates its databases of motor vehicle records on a monthly basis in violation of the DPPA through transactions with various data brokers. Through this ongoing process, WEST continually obtains motor vehicle registration records

containing personal information within the meaning of DPPA. WEST then uses the personal information for reasons other than those permitted by the DPPA such as legal research.

19. By purchasing the personal information from data brokers and disclosing or using the personal information for impermissible reasons such as legal research, WEST has violated the DPPA and breached the privacy of millions of individuals.

20. Prior to WEST's obtainment, use, or disclosure of Plaintiffs' personal information, Defendant did not request the Plaintiffs' written consent to obtain, use, or disclose the said personal information.

## ALLEGATIONS RELATING TO CLASS PLAINTIFFS

21. Plaintiff, DAVID YOUNG, is an individual residing in Miami, Miami-Dade County, Florida, and Plaintiff, CARLOS BARRETT, is an individual residing in Weston, Broward County, Florida, whose "personal information" is contained in "motor vehicle records" kept by the Florida DHSMV, within the meanings of 18 U.S.C. § 2725. Plaintiffs have been motor vehicle registrants with the Florida DHSMV for all times material to this action.

22. Upon information and belief, WEST obtained, disclosed or used personal information pertaining to Plaintiffs contained in their motor vehicle records maintained by the Florida DHSMV, for purposes not permitted by the DPPA such as legal research. Under the DPPA, Plaintiffs' personal information cannot be obtained, disclosed or used for an unenumerated reason such as legal research, unless WEST has received prior written consent from Plaintiffs or the state of Florida has obtained their prior express written consent. 18 U.S.C. § 2721.

23. WEST did not receive Plaintiffs' prior written consent prior to obtaining, disclosing, and using Plaintiffs' personal information. The state of Florida likewise did not

receive Plaintiffs' affirmative, express written consent to disclose and provide Plaintiffs' personal information to WEST.

24. Upon information and belief, WEST knowingly obtained, disclosed or used personal information pertaining to Plaintiffs for a purpose not permitted by the DPPA, and is thereby liable to Plaintiffs for damages and equitable relief pursuant to 18 U.S.C.A. § 2724. Plaintiffs have been damaged and/or are entitled to liquidated damages under the DPPA. Unless enjoined and restrained by an order of this Court, WEST will continue to engage in the unlawful acts and practices set out herein. Such acts and conduct have aggrieved or caused irreparable harm to Plaintiffs, and unless enjoined by the Court, Plaintiffs and future individuals will continue to be aggrieved by Defendant's violations of the DPPA.

## CLASS REPRESENTATION ALLEGATIONS

25. Plaintiffs seek to represent a class of victims (the "Class" or "Class Members") against Defendant WEST, defined as follows:

> All individuals whose personal information contained in motor vehicle records maintained by state departments of motor vehicles was knowingly obtained, disclosed or used by WEST for purposes not permitted under the DPPA. To be excluded from the Class are persons employed by or otherwise related to WEST, or its subsidiaries, their successors, or affiliates, and any and all members of the federal judiciary.

### Rule 23 Allegations

26. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs' action may be maintained as a class action because all procedural elements are satisfied as set forth below:

#### 1. Numerosity

27. WEST is a leading provider of legal information services throughout the United States. Among other things, it provides the online legal research service known as Westlaw.

Westlaw offers search features and navigation tools that enable customers to search relevant databases including motor vehicle and driver's license records. The conduct of WEST in knowingly violating the provisions of DPPA has adversely impacted millions of individuals residing in the United States whose personal information was obtained from motor vehicle records and disclosed or used for purposes not permitted under the DPPA such as legal research. The exact number and identity of Class Members is unknown to Plaintiffs, although it is believed to be in the millions. This number can easily be determined from the records of WEST.

28. The Class is so numerous that it would be impractical to join all of the members of the Class within the meaning of Rule 23(a)(1).

### 2. Commonality

29. On behalf of the Class, the representative Plaintiffs bring claims which raise questions of law and fact common to all members of the Class, as contemplated by Rule 23(a)(2). Common factual and legal questions include:

(a) Whether WEST knowingly obtained, disclosed or used individuals' personal information contained in motor vehicle records for legal research and other purposes not permitted under the DPPA;

(b) Whether WEST received the express written consent of the Class Member, prior to WEST obtaining their personal information contained in the motor vehicle records kept by the Class Member's state department of motor vehicles; and,

(c) To what extent WEST is liable to Plaintiffs and Class Members for damages and equitable relief under the DPPA.

### 3. Typicality

30. In accordance with the requirements of Rule 23(a)(3), the representative Plaintiffs' claims are typical of the claims of all other members of the Class, and the representative Plaintiffs have no interests which are adverse or antagonistic to the interests of the

Class. The representative Plaintiffs' claims are typical of the claims of the Class because all such claims arise from a series of identical business practices, or a common course of conduct, involving the knowing acquisition, disclosure or use by WEST of Class Members' personal information contained in the motor vehicle records maintained by their state DMVs for legal research and other purposes, in violation of the DPPA.

### 4. Adequacy

31. In accordance with the requirements of Rule 23(a)(4), the representative Plaintiffs and Plaintiffs' counsel will fairly and adequately represent and protect the interests of each member of the Class. The representative Plaintiffs and the Class share common interests, and the representative Plaintiffs are committed to the vigorous prosecution of Plaintiffs' action and have retained competent counsel experienced in class action litigation, and in litigation to completion under the same statute which is the subject of this action.

### Rule 23(b)(2) Allegations

32. In addition to damages sought herein, Plaintiffs seeks declaratory and injunctive relief against Defendant based upon its uniform and continuous violations of the DPPA.

33. Defendant WEST has utilized uniform procedures in knowingly obtaining, disclosing or using personal information pertaining to Plaintiffs and Class Members for a purpose not permitted by the DPPA.

34. Defendant WEST in doing so has acted on grounds generally applicable to each Class Member herein, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### Rule 23(b)(3) Allegations

35. A class action is superior to other available methods for the fair and efficient

adjudication of Plaintiffs' controversy. Absent a class action, Class Members will continue to be aggrieved by Defendant's violations of the DPPA. The violations of law by WEST will proceed without remedy while Defendant continues to ignore its legal obligations, and individuals will be left unaware of the violation of their rights on a daily basis.

36. Most individual Class Members have little ability to prosecute an individual action due to the complexity of the issues involved in Plaintiffs' litigation, the significant costs attendant to litigation on Plaintiffs' scale, and the comparatively small, although significant, injuries suffered by individual Class Members.

37. Plaintiffs' action will result in an orderly and expeditious administration of Class claims and economies of time, effort, and expense will be fostered and uniformity of decisions will be insured.

38. Plaintiffs' action presents no difficulty that would impede its management by the Court as a class action. When the liability of WEST has been adjudicated, the damages of each Class Member can be administratively determined. In addition, a violation of the law may be remedied by the Court through an injunction against WEST from violating the DPPA. A class action is superior to other available methods for the fair and efficient adjudication of each Class Member's claim.

39. The questions of fact common to the claims of each member of the Class, relating to the uniform acquisition, disclosure and use of individuals' personal information contained in motor vehicle records kept by the Class Members' respective state DMVs for purposes not permitted under the DPPA such as legal research, predominate over any facts affecting only individual members of the Class.

## COUNT ONE
## DEFENDANT'S VIOLATION OF DPPA

40. Plaintiffs reallege and incorporate herein the allegations of paragraphs 1 to 39.

41. Plaintiffs and Class Members are individuals, whose "personal information" is contained in "motor vehicle records" kept by state DMVs within the meaning of 18 U.S.C. § 2725.

42. As set forth above, WEST has obtained, disclosed, and used personal information relating to Plaintiffs and Class Members contained in motor vehicle records maintained by state DMVs.

43. Further as set forth above, upon information and belief, WEST knowingly obtained, disclosed or used personal information of Plaintiffs and Class Members contained in motor vehicle records maintained by state DMVs, for legal research and other purposes not permitted under the DPPA. Under the DPPA, Plaintiffs and Class Members' personal information cannot be obtained, disclosed or used for an unenumerated reason such as legal research unless WEST has received prior written consent from each Class Member, or the Class Member's state has obtained their prior express written consent. 18 U.S.C. § 2721. Therefore, WEST is not an authorized recipient under the DPPA.

44. At all times material hereto, WEST did not require or receive Plaintiffs' or Class Members' affirmative written consent prior to obtaining, disclosing, and using their personal information contained in motor vehicle records maintained by the state DMVs. The Plaintiffs and Class Members' respective states likewise did not require or receive from Plaintiffs and Class Members their affirmative, express written consent to disclose and provide personal

Page 10 of 12

information to WEST.

45. Based on the foregoing, WEST has knowingly obtained, disclosed or used personal information pertaining to Plaintiffs and Class Members for a purpose not permitted by the DPPA, and is thereby liable to Plaintiffs and Class Members for damages and equitable relief pursuant to 18 U.S.C. § 2724. Moreover, WEST is not an authorized recipient of Plaintiffs' information and is thereby liable to Plaintiffs and Class Members for damages and equitable relief pursuant to 18 U.S.C. § 2724. Plaintiffs and each member of the Class have been damaged and/or are entitled to liquidated damages under the DPPA. Unless enjoined by an order of this Court, WEST will continue to engage in the unlawful acts and practices set out herein. Such acts and conduct have aggrieved or caused irreparable harm to Plaintiffs and Class Members, and unless enjoined by the Court, Plaintiffs, the Class, and future individuals will continue to be aggrieved by Defendant's violations of the DPPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demands judgment against Defendant, as follows:

(a) Certify Plaintiffs' action as a class action and designate Plaintiffs as the representative thereof;

(b) Appoint Plaintiffs' counsel as Class Counsel;

(c) Award Plaintiffs and members of the Class damages including liquidated and punitive damages;

(c) Enjoin Defendant from obtaining, disclosing and using personal information of Plaintiffs and Class Members for impermissible purposes under the DPPA

without their express written consent;

(d) Award Plaintiffs reasonable attorneys' fees, and the costs and expenses incurred in Plaintiffs' action; and,

(e) Grant such other and further relief as may be appropriate under the circumstances.

## TRIAL BY JURY

Plaintiffs demand trial by jury of all issues so triable.

By: _____
TOD ARONOVITZ (FBN 186430)
**ARONOVITZ LAW**
777 Brickell Avenue, Suite 850
Miami, Florida 33131
305-372-2772 Telephone
305-397-1886 Facsimile

JOHN A. YANCHUNIS (FBN 324681)
CHRISTOPHER CASPER (FBN 48320)
**JAMES HOYER NEWCOMER
SMILJANICH & YANCHUNIS, P.A.**
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, Florida 33609
813-286-4100 Telephone
813-286-4174 Facsimile

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

09-22426

FILED by RGS D.C.
AUG 17 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

## I. (a) PLAINTIFFS
DAVID YOUNG and CARLOS BARRETT, on behalf of themselves and all others similarly situated,

**DEFENDANTS**
WEST PUBLISHING CORPORATION

(b) County of Residence of First Listed Plaintiff **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
See attached.

Attorneys (If Known)

CIV-MORENO

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ✓ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

TORRES

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ■ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ✓ NO          b) Related Cases ☐ YES ✓ NO
JUDGE                                   DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Violations of Driver's Privacy Protection Act, 18 U.S.C. Sections 2721-2725.

LENGTH OF TRIAL via **10** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
✓ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ✓ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 8-17-09

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 1026680

08/17/09