MARVIN L. UNION
13530 HEATH RD.
NOVELTY OHIO 44075
440-338-8185



December 3, 2009

CLERK, US District Court
SOUTHERN DISTRICT OF FLORIDA
Wilkie D. Ferguson, Jr. – US Courthouse
400 N. Miami Ave.
Miami, FL 33128

      RE:    Richard Fresco, et al. v. R.L. Polk & Co.
             Case No.:   07-60695 –civ-Martinez/Brown

Dear Sir or Madam:

      Please consider this to be my SUPPLEMENTAL OBJECTIONS to the Class counsel's request for funds. I still believe that the Request for Fees is excessive, and not justified, for the following reasons:

      A.    Class counsel claims they worked almost 5000 hours and are requesting $7.5 million in fees. By my calculations, that is **over $1500** dollars an hour. That is absurd and should not be allowed. Class counsel claims that their lodestar was approximately $2.1 million dollars, so they are basically asking for a multiplier of more than 3.6. This is also excessive under 11th Circuit precedent. Since the statute under which this case was prosecuted is a fee shifting-statute, they should only receive their proven lodestar. Their arguments that other Circuits have allowed negotiated fees in fee-shifting cases is irrelevant; the Eleventh Circuit has not.

      B.    In addition, it appears that some of the time for which they are requesting compensation, was actually expended on the previous case Fresco I for which they have already been compensated. For instance, the time records submitted by Randall C. Mashall request compensation for time expended in 2003 which was four (4) years before this suit commenced. (Exhibit F. to Dclaration of James K. Green (Docket No. 121). This appears to be double counting and should not be allowed. In fact, in the Plaintiffs' Response to the Objections (Docket no. 118) (which inexplicably failed to mention my previously filed *pro se* Objections), Class Counsel makes several references to the fact that this litigation has been going on for more than six (6) years in support of their fee request. A major

1

problem with this argument is that *this* case has only been going on for two (2) years, not six. Again, the double counting question must be addressed.

C. Obviously, there was almost no risk involved in this case since Fresco I settled and it was clear that this case would also settle. Therefore, the argument that there was a great amount of risk involved and that they should be compensation for taking this risk, is unconvincing.

D. Their citations to *Burlington v. Dague* and *Kenny A. v. Perdue* are not convincing. They seem to be arguing that because the fee in Kenny A. was not appealed that it somehow has been approved by the 11th Circuit. This is not true and does not make sense.

I hereby incorporate by reference all other objections to the fees that are not inconsistent with that contained herein and in the original objections.

Thank you for considering these Supplemental Objections.

Sincerely,

Marvin L. Union, Esq.

CERTIFICATE OF SERVICE

Copies of these Supplement Objections have been sent to the following on the 2nd of December, 2009.

cc:   Todd Aronovitz                     John A. Yanchunis
      ARONOVITZ LAW                      1 Urban Center, Ste. 550
      777 Brickell Ave., Ste. 850        4830 W. Kennedy Blvd.
      Miami, FL  33131                   Tampa, FL  33609

      Louis F. Collins, Jr.              Barry R. Davidson
      777 S. Harbour Island Blvd.        Mellon Financial Center, Ste. 2500
      1 Harbour Place, Ste. 500          1111 Brickell Ave.
      Tampa, FL  33602                   Miami, FL  33131

Marvin L. Union

2