IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RICHARD FRESCO, CARLOS BARRETT, JEFFREY HY, MARY ANN COLLIER, ROY MCGOLDRICK, ROBERT PINO, KENNETH HERETICK, RUSSELL V. ROSE AND JOEL LEVINE<br>   Plaintiffs<br><br>v.<br><br>R.L. Polk & Co. and Acxiom Corp.<br>   Defendants | CASE NO. 07-cv-60695-JEM<br><br>FILED by _____ D.C.<br>DEC 14 2009<br>STEVEN M. LARIMORE<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. — MIAMI |

## OBJECTORS D.J. POWERS AND JEFF WEINSTEIN'S CLOSING ARGUMENTS

To The Honorable Judge:

Come Now Class Member Objectors Jeffrey Weinstein and D.J. Powers ("Objectors"), and file these Closing Arguments requested by the Court at the fairness hearing would show as follows:

1. **Summary of arguments**

    - Class Counsel's support of the class action waiver in this settlement is disingenuous given that they argued *successfully* in another case that class action waivers are unfair, unconscionable, and unenforceable, completely contradicting their position in this case.

    - The cross examination of Plaintiff's class action expert showed that the class action waiver will eliminate the only practical basis for class members to enforce their rights to collect actual damages.

    - Class counsel's petition for fees must be rejected in its entirely because it clearly and unequivocally violates the settlement agreement and Rule 23(h)(1).

    - The *Crawford* case is on point and demands rejection of the settlement here.

Objectors also stand by and reassert all of their written objections filed in this case.

## 2. Class counsel's compelling brief as to why class action waivers are unfair, unconscionable, and unenforceable

The waiver of the right to file a class action on the class members' actual damages claims is unfair, unreasonable, unconscionable, and unenforceable. For small statutory violations like those at issue here, the class action is often the only way class members will be able to obtain relief. Yet, the parties attempt to take this right away from class members by including a waiver of class actions for future claims. Settlement Agreement, p. 39.

It is important for the court to understand that the class action waiver prevents class members from aggregating their claims *on the issue of liability also.* That is, even if their damages differ, the issue of whether Defendants' actions violate the DPPA are the same for every class member. Thus, rather than being able to band together in a class action to at least prove liability, class members would need to reinvent the wheel every time in an individual action to provide liability. As we saw in this case, that could take millions of dollars worth of attorney time. No class member could afford to do that on an individual basis, so the "practical" effect of the class action waiver, as Plaintiff's own witness Professor Mullenix admitted, is to waive the actual damages claim.

Class counsel in this case obviously feel strongly and passionately that class action waivers are unconscionable, so the best way to make the argument against the class action waiver is to see what those very class counsel have said in the past about class action waivers. In *Caban v. JP Morgan Chase*, 606 F. Supp. 2d 1361 (S.D. Florida 2009), the two leading class counsel in this case, the James Hoyer firm and Aronitz firm, argued strenuously and successfully that class action waivers are unfair, unconscionable, and unenforceable. Judge Jordan readily agreed and refused to enforce the class action waiver that the Plaintiff there had entered with Chase.

The class action waiver here is even more unconscionable. In the Chase case, a consumer who wanted to refuse the class action wavier could simply refuse to do business with Chase and not agree to the waiver. But here, consumers, like Objectors here, have no right to refuse the class action waiver because this is a no opt-out class. Class Counsel – the same who earlier this year claimed the waiver is unconscionable – wants to force the same unconscionable waiver on their own clients. Thus, they are doing the exact same thing for which the criticized Chase Bank.

The arguments Class Counsel made were that a class action is procedurally unconscionable, substantively unconscionable, and against public policy – and they were right. Those reasons have not changed and apply equally to the class action waiver here. Their brief is available on Pacer as Doc. 21 from Docket No. 08-60910 (hereinafter "Class counsel's brief against class action waivers"). At pages 7 – 12 of their brief they provide an undeniable explanation of why class action waivers are procedurally unconscionable. They quote cases for the proposition that:

> [A] court must ... consider factors such as whether the complaining party had a meaningful choice at the time the contract was entered into. ... Courts consider whether the complaining party had a reasonable opportunity to bargain regarding the terms of the contract or whether the terms were merely presented on a 'take-it-or-leave-it basis.

Class counsel's brief against class action waivers at 7. Of course this case is even worse. In Chase Bank, consumers had no *meaningful* choice, but they did have *a choice* to reject the waiver by refusing to do business with Chase. Here class members get NO CHOICE AT ALL because this is a no opt-out class! Here it was not take-it-or-leave-it, it is take it whether you want to or not.

Class counsel's brief against class action waivers went on for pages destroying every argument that could be made to enforce a class action waiver. For instance:

3

> Plaintiff had no opportunity to negotiate the arbitration provision contained in their original Agreement, and at best could only reject the unilaterally drafted changes that Defendant imposed.

*Id.* at 10. Since Class Counsel were so outraged when a consumer "at best could only reject the unilaterally drafted" class action waiver, surely they would have been even more outraged when the consumer lacked even the ability to reject the waiver, as is the case here.

But it is in the section on substantive unconscionability that Class counsel's brief against class action waivers claims makes its strongest and most compelling claim, which caused Judge Jordan to rule in their favor:

> [M]ore critically, the arbitration provision would shield Defendant from any and all putative class actions, regardless of how egregious its misconduct or how numerous and identical its violations may be – effectively exculpating Defendant from its misconduct. Indeed, the arbitration provision is unconscionable because it frustrates one of the essential purposes of class actions – the efficient and consistent handling of numerous and similar small claims, which would not otherwise be cured. ... Simply put, Defendant's class action ban has the intended effect of shielding Chase from all litigation, and class litigation in particular, while prohibiting cardholders from exercising their rights to effectively and efficiently remedy their claims against Chase via the class action mechanism. While

*Id.* at 13. Not surprisingly here, as Professor Mullenix admitted in cross examination, it appears to be the very intent of the parties to shield Defendants from the only effective and efficient method class members have of asserting their rights against Defendants – through the class action.

Finally, Class counsel's brief against class action waivers argues stridently that class action waivers are against public policy:

> [T]he arbitration provision should be held invalid for public policy reasons. [citing to Florida law] ... [The] arbitration provision, if upheld, would eradicate any potential for Plaintiff and similarly situated cardholders to assert their collective consumer rights and cure their injuries given the fact that their individual damages are small and the probability of securing legal representation on an individual basis is dubious, as is the likelihood of cardholders pursing their respective claims.

4

*Id.* at 18. Absolutely! Here the evidence from Professor Mullenix is uncontroverted that that is exactly what will happen here with the class action waiver – the "practical fact" as she put it is that the class action waiver will prevent most class members from enforcing their claims.

It is bad enough that Class Counsel here takes personal attacks against opposing objector counsel and calls their objections frivolous and "canned," (claims their own expert Prof. Mullenix flatly rejected). But to do so when Class Counsel themselves believe the very arguments objectors are making against the class action waiver, when they filed as recently as this year a brief condemning class action waivers, and when they won that issue in this very district, their unprofessional and gratuitous personal attack on objectors is the height of hypocrisy.

### 3. Linda Mullenix destroyed the Plaintiffs' arguments against the class action waiver.

Plaintiff's expert on the class action waiver, Linda Mullenix, argued that the class action waiver was necessary for "efficiency." As class counsel argued in their response to the objection to the class action waiver:

> [C]lass actions waivers, as part of settlement agreements, serve the fundamental purposes of class litigation to achieve judicial efficiency and economy. Mullenix Decl. at ¶ 141. The Settlement expressly preserves the rights of Settlement Class Members to pursue subsequent individual litigation for actual and punitive damages. The goals of judicial efficiency and economy would be undermined if, in settling one class, the Settlement permitted subsequent cascading, duplicative class actions based on the same claims and theories. Mullenix Decl. at ¶141.

Doc. 118, Plaintiff's Responses to Objections, at 26-27. So instead of a subsequent class action after this case on behalf of 50 million people, the argument is that it would be more efficient for those 50 million people to file individual suits. As Prof. Mullenix eventually agreed on cross, having 50 million individuals file individual actions against Defendants is obviously *not* more efficient then permitting them to sue in a class action. Her original argument makes no sense. Professor Mullenix then abandoned that "theory" on cross, but then claimed that the class action

5

waiver would be "practically" more efficient – *because few if any class members would be able to pursue their individual claims.*

Thus, the evidence is now uncontroverted: the result of the class action waiver is that few, if any, class members will have any "practical" way to enforce their rights to individual damages because of the class action waiver. That is exactly the outcome reached by Prof. Mullenix's new "practicality" argument. It is certainly more efficient to deny consumers their valid claims, but it is equally certain that it is not fair or reasonable. And it is particularly ironic that counsel who make a living claiming that class actions effectively protect the rights of consumers on small claims would then turn around and participate in a scheme to deny their own clients the only "practical" way of pursuing the individual claims: through a class action.

**4. The attorney fee request should be stricken as untimely.**

FED. R. CIV. P. 23 (h)(1) provides that "notice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." As a matter of law, a reasonable manner must be *before the objection deadline.* It would be absurd to require objectors to object to a fee motion before the motion is even filed.

Consistent with that obvious point, the settlement agreement provided that class counsel must file their fee petition before the objection deadline, which was October 9, 2009. Settlement Agreement p. 34. Yet, class counsel breached the agreement and filed the motion a month later, on November 9, 2009, fully depriving class members from any reasonable opportunity to object to the fee motion by the October 9 deadline. That late filing is a substantial breach of the settlement agreement.

Class Counsel, having slyly hidden their fee motion from class members until after the objection deadline, then had the audacity to criticize objectors because their objections to the fees were "conclusory." Doc. 118, Plaintiff's Responses to Objections, at 29. How could the

6

objections to the fees be anything but conclusory when class counsel violated the rules and the settlement by withholding the motion that objectors were supposed to respond to?

Not content with the inherent unfairness of that process, at the settlement hearing Class Counsel went one step further beyond any sense of reasonableness. They now claim that objectors waived this argument by not raising it in their original objections. They contend that objectors should have guessed that Class counsel would breach the settlement agreement and include that premonition in their objections. Thus, they now claim that objector's lack of ability to predict the future constitutes a waiver of the right to enforce the settlement agreement and due process. Their argument lacks any semblance of merit.

*Objectors are not objecting to the settlement provision regarding the timing of the attorney fee request.* On the contrary, objectors are asserting that the attorney fee request is in breach of the settlement agreement. Thus, there was no requirement to raise that argument in their objections. Even if there were such a bizarre requirement, a requirement that objectors raise an objection to what class counsel *might do in the future* would be wholly unenforceable.

### 5. The *Crawford* case

The court should pay particular attention to a case that is virtually on point with this case, where Judge Easterbrook rejected a very similar settlement. That case is *Crawford v. Equifax*, 201 F.3d 877 (7th Cir. 2000), where the alleged benefit of the class settlement was to permit individual claims but prohibit class claims, just like the settlement here. The Seventh Circuit reversed the district court's approval of the settlement in that case, and the reasoning they used applies directly to this case.

The settlement there was on point with the settlement here:

1. The underlying statute provided for recovery of actual damages plus statutory damages, just like this case.

7

2. The class was certified under Rule 23(b)(2) so direct notice was NOT provided to class members, just like this case.

3. There was no right to opt out, just like this case.

4. The settlement provided injunctive relief regarding future practices by the Defendant, just like this case.

5. The settlement provided cash to the named Plaintiffs, just like this case.

6. The settlement paid the attorneys, just like this case.

7. The settlement provided no monetary recovery for the class members, just like this case.

8. The settlement permitted class members to pursue individual suits, but barred them from doing so in a class action, just like this case.

9. The settlement did not provide any concessions or declaratory relief to facilitate the individual suits, just like this case.

There are two important ways in which the settlement in this case is even worse than the settlement in Crawford:

1. Not only are there no concessions on liability to facilitate individual suits for damages, but in our case the settlement actually prevents individual suits by making a finding that Defendants did NOT violate the law. That's at pages 17-18 of the settlement agreement, where they declare Defendants are only obtaining information in compliance with the law.

2. Second, our settlement waives the right to statutory damages.

The *Crawford* court rejected that settlement, and this court should reject the present settlement.

Wherefore, Objectors pray that the Court disapprove the proposed settlement and application for attorneys' fees, and grant Objectors such other and further relief as to which they may be entitled.

Respectfully submitted on December 10, 2009,

_____
D.J. Powers
301 Park Lane
Austin TX 78704
512/444/1641
512/444-2056 – facsimile

_____
JEFFREY L. WEINSTEIN
518 East Tyler Street
Athens, TX   75751
903/677-5333
903/677-3657 – facsimile

## CERTIFICATE OF SERVICE

A copy of the foregoing Objection to Proposed Settlement and Objection to Application for Attorneys Fees was on this 11th day of December, 2009, delivered to the following:

United States District Court Clerk's Office
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, 8th floor
Miami, FL 33128

Tod Aronovitz
Aronovitz Trial Lawyers
150 West Flagler Street, Suite 2700
Miami, FL 33130

John A. Yanchunis
James Hoyer Newcomber & Smiljanich, P.A.
One Urban Center, Suite 550
4830 West Kennedy Bouelvard
Tampa, Florida 33609

Christopher Mason
Nixon Peabody, LLP
437 Madison Avenue
New York, NY 10022

Juan Enjamio
Hunton & Williams LLP
Mellon Financial Center
1111 Brickel Avenue Suite 2500
Miami, FL 33131

_____
Jeff Weinstein