UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: Civ-07-cv-60695-JEM

RICHARD FRESCO, et al., )
)
Plaintiffs, )
)
v. )
)
R.L. POLK & CO. and ACXIOM CORP., )
)
Defendants. )

## APPELLANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR A BOND

The Appellants hereby oppose Plaintiffs' Motion for an unwarranted and unlawful cost bond pursuant to FRAP 7. Plaintiffs' Memorandum of Law in Support of their Motion for a Bond is replete with misrepresentations, improper citations and incomplete or incorrect information. First, no underlying statute authorizes the shifting of costs to an unsuccessful plaintiff. Second, a district court has no authority to usurp the sole prerogative of the Court of Appeals to award appellate attorney's fees to a prevailing party. Third, the discussion of prior unrelated cases and decisions of other courts is not only immaterial, but both incorrect and incomplete. Finally, Plaintiffs' estimate of those costs expressly permitted by FRAP 39 are grossly excessive and inadequately documented.

The $2 million appeal bond imposed in the Wal-Mart case referenced in the Memorandum was stayed by the Chief Judge of the Ninth Circuit, and was later vacated. Despite the IPO judge's findings regarding appellants' counsel in that case, the court imposed a bond in the amount of just $25,000, because no statute authorized the bonding

of anything more, and the court was constrained by the law. The appellants in that case have fully satisfied that bond.

There is no underlying statute in this case that authorizes taxing attorney's fees to the plaintiff as a cost of litigation. The Driver's Privacy Protection Act's fee-shifting provision is asymmetrical, which means that it applies only against a defendant that is found liable for violating the statute. Appellants here have not violated any provision of the DPPA, and therefore there is no basis for taxing them with class counsel's attorney's fees on appeal.

Most inexplicable is Plaintiffs' citation to the *Azizian* case for the proposition that a district court may impose a bond for attorney's fees likely to be incurred on appeal. In fact, *Azizian* stands for the exact opposite proposition, and forbids a district court from bonding attorney's fees that a court of appeals might award pursuant to FRAP 38. So does *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007).

I. **There Is No Underlying Statute That Authorizes the Requested Costs.**

While the Plaintiffs are correct that the Eleventh Circuit is in agreement with the Second and Ninth Circuits about where the definition of the term "costs" found in FRAP 7 is to be found, they are incorrect about the underlying statute involved in this case. 18 USC §2724 provides in its entirety:

> (a) Cause of Action – *A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter* shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.
>
> (b) Remedies – the court may award –

....

(3) reasonable attorney's fees and other litigation costs reasonably incurred;" (emphasis added). In other words, in order to be liable for any litigation costs, including attorney's fees, a litigant must be a person who violated the DPPA. As the Appellants are plaintiff class members whose rights were violated by the defendants, and not themselves violators of the DPPA, the provisions of §2724 simply do not apply to them. Moreover, the liability for fees and costs runs only to an individual whose information was accessed by the person who violated the statute. Appellants clearly have not violated the motor vehicle record privacy rights of any of the Plaintiffs or of Class Counsel.

Class Counsel's incomplete and highly misleading citation of only one sentence of §2724 is a clear attempt to mislead this Court, and can hardly be inadvertent. It is also characteristic of their entire Memorandum. Class Counsel cannot have been ignorant of the fact that the DPPA is an asymmetrical fee-shifting statute that shifts fees only to an unsuccessful defendant, and not onto a plaintiff, because they cite to the lead appellate case to directly address this point, *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007). Remarkably, Plaintiffs cite to *Azizian* for the proposition that a district court may include attorney's fees in a cost bond, a proposition that *Azizian* directly refuted. In *Azizian*, the Ninth Circuit held that "the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees." *Id.* at 958. In that case, because the Clayton Act is an "asymmetrical" statute that shifts costs only to defendants, and not to plaintiffs, the Ninth Circuit held that the permissible appeal bond in that case is limited to costs specifically listed in FRAP 39. *Id.* at 959.

The cost- and fee-shifting provision of the DPPA is similarly asymmetrical, and shifts costs and fees only to a losing defendant that has been found to have violated that statute. Therefore, there is no basis for imposing including any costs in a FRAP cost bond other than those specifically enumerated in FRAP 39(e).

Remarkably, despite the fact that Plaintiffs cite extensively to the *IPO* decision for its findings about the Appellants' alleged motives, the Plaintiffs fail to disclose that Judge Scheindlin reached precisely this conclusion in setting the bond in that case at $25,000. *See In re Initial Public Offering Sec. Litig.*, 2010 U.S. Dist. LEXIS 62968 at *18 (SDSNY June 18, 2010). Class Counsel fails to disclose that the plaintiffs in *IPO* requested the outrageous bond amount of $500,000 per appellant. *Id.* at *3. The district court rejected that request, and awarded only the taxable costs under FRAP 39(e), because costs "cannot be included in Rule 7 bonds where no underlying statute provides for the inclusion of such costs." *Id.* at 20. In reaching that conclusion, Judge Scheindlin looked at that provision of the Securities Act that the plaintiffs contended shifted costs to an unsuccessful plaintiff, and concluded that the provision had no applicability to an appealing class member. *Id.* at 18.[1]

## II. This Court May Not Include Attorney's Fees In a Cost Bond Under FRAP 38.

On page 8 of their Memorandum, Plaintiffs argue that this Court may include attorney's fees likely to be incurred on appeal in a FRAP 7 cost bond if it finds that an appeal is taken in bad faith, citing to *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007). This is astounding, given that *Azizian* is a case that clearly prohibited the inclusion of attorney's fees in a Rule 7 cost bond based upon a pre-determination that

---

[1] Contrary to Plaintiffs' careless and false assertion on page 12 of their Memorandum, the IPO Appellants posted the $25,000 cost bond that Judge Scheindlin ordered in that case on July 16, 2010.

an appeal is frivolous or brought in bad faith. *Id.* at 960 ("only the court of appeals may order the sanction of appellate attorney's fees under Rule 38 ... allowing district court to impose high Rule 7 bonds where the appeals might be found frivolous" preempts appellate court's prerogative to make its own frivolousness determination).

> [U]se of Appellate Rule 38 by district courts would infringe on the authority that the Rule explicitly grants to the Court of Appeals ... In support of its motion, Plaintiff cites Sckolnick v. Harlow, 820 F.2d 13 (1st Cir. 1987) (per curiam), in which the First Circuit approved a bond grounded on the district court's implicit finding that "the appeal might be frivolous and that an award of sanctions against plaintiff on appeal was a real possibility." As already discussed, however, the First Circuit does not recognize Adsani's requirement that the attorney's fees be authorized by the substantive statute underlying the litigation. Plaintiff also cites In re Broadcom Securities Litigation, 2005 U.S. Dist. LEXIS 45656 (C.D. Cal. Dec. 5, 2005) in which a California district court used Appellate Rule 38 and §1927 in order to include attorney's fees in the cost of an appeal bond. Recently, however, the Ninth Circuit held that it was improper for a district court to use Appellate Rule 38 for this purpose. *See Azizian* ... Sanctioning appellants under Appellate Rule 38 is a matter for the court of appeals, and including potential Appellate Rule 38 sanctions in the amount of an appeal bond risks infringing on that authority and saddling appellants with a potentially prohibitive bond.

*In re AOL Time Warner, Inc.*, 2007 WL 2741033 (S.D. N.Y. September 20, 2007) at \*\*17-19; *see also Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007); *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir 1985).

The *IPO* court also reached exactly the same conclusion in its recent bond decision. *In re Initial Public Offering Sec. Litig.*, 2010 U.S. Dist. LEXIS 62968 at \*21 (SDSNY June 18, 2010)("As recognized by a number of other courts, to include attorney's fees in the costs for a Rule 7 bond 'would infringe on the authority that the Rule explicitly grants to the Court of Appeals.'").

5

Finally, Plaintiffs neglect to inform this Court that the $2 million appeal bond that was imposed by District of Nevada in the Wal-Mart case cited in Plaintiffs' Memorandum was stayed by Chief Judge Kozinski of the Ninth Circuit Court of Appeals on June 3, 2010. *See Exhibit A*. Chief Judge Kozinski's citation to *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295 (5th Cir. 2007), makes it clear that the Ninth Circuit will follow the Fifth Circuit in its holding that a district court may not use Rule 7 as a surrogate for a Rule 8 *supersedeas* bond.

> The settlement agreement makes no provision for the payment of pre-judgment interest on the benefits Honda has agreed to pay, and the settlement does not become effective, by its terms, until any appeals are concluded. The parties to the settlement thus agreed that the financial time-value of the benefits to be paid under the settlement is not to be awarded to the plaintiffs. To the extent that the district court found that interest should be secured as part of "costs," it was in error...

*Id.* at 299. In *Vaughn*, the Fifth Circuit also addressed the argument that frivolousness or bad faith justifies the inclusion of attorney's fees in a cost bond.

> There is no provision in the rules of procedure for a district court to predict that an appellate court will find an appeal frivolous and to set a bond for costs on appeal based on an estimate of what 'just damages' and costs the appellate court might award. We have observed that Rule 38 only allows an appellate court to impose damages and costs in a frivolous appeal.

*Id.* at 299.

### III. Even If Frivolousness Were Relevant to Setting a Rule 7 Cost Bond, Appellants' Appeals Are Demonstrably Not Frivolous.

As demonstrated above, the merit or lack thereof of an appeal has nothing to do with the categories of costs that a court may include in a FRAP 7 cost bond. Rule 39(e) costs, and any costs authorized by an underlying cost- or fee-shifting statute, are

bondable against all appellants, regardless of the district court's view of the merits of their appeals.

Even if frivolousness were relevant, however, to any of the rulings this Court must make in connection with Plaintiffs' bond motion, Appellants' appeals here are demonstrably not frivolous. This settlement involves the novel and controversial certification of a settlement class under Rule 23(b)(2), when the complaint in this case included demands for statutory damages of $2500 per violation. Certification of the settlement class under Rule 23(b)(2) is permissible only if the statutory damages claims are "incidental" to the claims for injunctive relief. Plaintiffs' own expert, Linda Mullenix, conceded on the stand at the fairness hearing that the Appellants' argument that the significant statutory damages claims are more than incidental is not frivolous. In fact, Ms. Mullenix's testimony was necessary because the Plaintiffs could not cite to any case law that has approved the novel certification they sought in this case.

Second, the recent Supreme Court decision of *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010) limits attorney's fees to class counsel's unenhanced lodestar in cases where there is no common fund. Indeed, this Court held the same thing in its fee award in the first *Fresco* settlement. No multiplier of Class Counsel's lodestar is permissible unless the Court finds that the settlement is rare or exceptional, and this Court has found that "[t]he results plaintiffs obtained in this case include no monetary damages for the unnamed plaintiffs, who might have recovered up to $2500 in statutory damages pursuing claims on their own... While this settlement is 'fair, reasonable and adequate,' it is not 'exceptional' as required by the Eleventh Circuit's holding in *Norman*..."

7

This settlement is identical to the first one, and the same conclusion is mandated here. There is nothing exceptional about this settlement, and therefore an enhancement is not permitted under either *Norman* or *Kenny A*. While this Court justified the enhancement in part by the future fees that Class Counsel may incur enforcing the terms of the injunction, an enhancement in the amount of almost three times Class Counsel's lodestar for *possible* future fees runs afoul of *Kenny A*. One can hardly contend that this issue, based upon a very recent Supreme Court precedent, is frivolous.

Finally, Appellants objected to the timing of Class Counsel's fee petition, arguing that the requirement that fee objections be filed prior to the time Class Counsel filed their fee motion runs afoul of FRCP 23(h). The Ninth Circuit has now clarified that this schedule is a violation of both Rule 23(h) and due process. *See In re Mercury Interactive Corp. Sec. Litig.*, 2010 U.S. App. LEXIS 17189 (9th Cir., Aug. 18, 2010). The Ninth Circuit held that "the plain text of the rule requires a district court to set the deadline for objections to counsel's fee request on a date after the motion and documents supporting it have been filed." *Id*. at *12.

The Settlement Agreement required that Class Counsel file its fee application "in advance of the Court's deadline for submission of objections," Settlement Agreement at para. VIII. A, which was consistent with FRCP 23(h)(1). However, the parties violated that provision, and made class members' fee objections due on October 9, 2009, while Class Counsel's fee application and all of the supporting affidavits were not filed until November 9, 2009. In light of *Mercury*, this is a clear violation of Rule 23(h). While the Eleventh Circuit may elect not to follow the Ninth Circuit's reading of Rule 23(h), that would create a split among the Circuits and give rise to a strong petition for *certiorari* to

the Supreme Court. Class Counsel cannot contend that this argument is frivolous or not supported by existing case law.

### IV. The Rule 39(e) Costs Requested By Plaintiffs Are Unsupported By Any Evidence And Are Excessive.

Contrary to Plaintiffs' blithe assertion that courts routinely impose a "minimum benchmark" of $25,000 for FRAP 39(e) taxable costs, courts typically base bond amounts on anticipated copying charges for a reasonable number of briefs, and insist upon evidence if those costs are to exceed the usual $1000 - $2000. Appellants are responsible for producing and filing the appendix, which means that the costs borne by appellees are limited to the costs of printing and reproducing their briefs.

Plaintiffs cite to the *IPO* case, which was highly exceptional due to the fact that it was an MDL proceeding combining over 300 separate cases, there were nine separate appeals, and the case had been appealed to the Second Circuit once before on the issue of class certification. The court's bond of $25,000 in that case amounted to $2,777 per appeal.

The $50,000 bond in *In re Currency Conversion Fee* is on appeal to the Second Circuit because it bore no reasonable relationship to the amount of copies that the appellees might reasonably have to produce in those nine appeals. Moreover, the appellees initially requested a bond in the amount of $16,000, or $1777 per appeal, and supported that request with an affidavit outlining the number and length of briefs that the appellees anticipated filing. The court *sua sponte* trebled that amount to $16,000, without providing any reasons, thus leading to the appeal. It bears noting that class counsel in that case estimated that they would spend no more than $1777 defending each appeal, and then only if the appeals were not consolidated.

9

Here, there are only four appeals. It is highly likely that these will be consolidated, with the result that Plaintiffs will have to produce only one responsive brief. Even if they are not consolidated and Plaintiffs must produce four separate briefs, that would not be expected to increase the anticipated copying costs to more than, at most, $1000.

Instead, without providing any supporting affidavit or even a calculation to justify their requested Rule 39(e) costs, Plaintiffs have requested the arbitrary amount of $25,000 based upon what was ordered in a different case with a very different procedural and factual history. At $0.25 per copy, the $25,000 bond requested by Plaintiffs would permit them to make 100,000 copies, or 2000 50-page briefs. There is no conceivable scenario in which Plaintiffs would remotely approach even one-tenth of that total. 11th Cir. Rule 31-3 requires only 7 paper briefs per appeal. Assuming that the four appeals remain unconsolidated, Plaintiffs may be required to produce 28 separate briefs. Assuming that each of these is 50 pages long, that would amount to 1400 copies. This means that Plaintiffs' request for a $25,000 bond represents a request for $17.85 per page. Plaintiffs must be required to produce evidence justifying such an exorbitant copy rate. At a more reasonable $0.25 per page, 1400 copies cost no more than $350.

## CONCLUSION

For the foregoing reasons, this Court should refuse to order any appeal bond, because there is no authority for the inclusion of attorney's fees in a Rule 7 cost bond, there is no cost- or fee-shifting statute in this case that shifts costs or fees to a plaintiff who has not violated the DPPA, and because Plaintiffs' reasonably foreseeable Rule 39(e) costs are no more than $500. It is reasonable to assume that Appellants' seven separate law firms will be able to satisfy an award of costs in this amount should the Eleventh Circuit award them at the end of the appeal.

/s/ Nicolas J. Gutierrez, Jr.
Nicolas J. Gutierrez, Jr, Esq.
ngutierrez@gzflaw.com
Gutierrez, Zarraluqui & Franco LLP
Douglas Entrance, South Tower
806 Douglas Road, Suite 625
Coral Gables, FL 33134
Ph: (305) 856-5200
Fax: (305) 856-0005

/s/ John J. Pentz
John J. Pentz, Esq., *pro hac vice*
Clasaxn@earthlink.net
2 Clock Tower Place, Suite 440
Maynard, MA 01754
Ph: (978) 461-1548
Fax: (978) 405-5161

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served via transmission of Notices of Electronic Filing generated by CM/ECF on September 10, 2010 and was filed with the Clerk of Court using CM/ECF.

By: /s/ Nicolas J. Gutierrez, Jr.