IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-cv-60695-JEM (Martinez/Brown)

RICHARD FRESCO, ET AL.
   Plaintiffs

v.

R.L. Polk & Co. and Acxiom Corp.
   Defendants

FILED by _____ D.C.
SEP 14 2010
STEVEN M. LARIMORE
CLERK U.S. DIST CT
S.D. of FLA. – MIAMI

## JEFFREY WEINSTEIN'S RESPONSE AND OBJECTION TO PLAINTIFFS' MOTION FOR A BOND, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

Objector and Appellant Jeffrey Weinstein objects to Plaintiffs' Motion For A Bond To Secure Payment Of Costs And Attorneys' Fees On Appeal, Doc. 161. I incorporate herein, as if set forth at length, the Response of D.J. Powers to the Motion. In addition, the Court should deny the motion for the following reasons:

In their zeal to malign their opposing counsel, Class Counsel abandoned their Rule 11 duties to the Court. The Motion claims that "Weinstein, along with Siegel and Pentz, have yet to post the $25,000 appeal bonds they recently were ordered to make by Judge Scheindlin." Motion at 12. In fact, we *did* post that bond, long before Class Counsel filed this Motion. Class Counsel either intentionally lied to the Court or made that statement without any investigation into the facts.

Class Counsel attached as Ex. 3 to the Motion one docket matter from the NY case in Judge Scheindlin's court, so they presumably reviewed the docket sheet for that case. Certainly they would not have told this Court that we did not file the bond without at least checking the docket sheet to see if that were true. That review would have revealed that the bond *was* paid.

1

*See* Attachment A hereto, showing payment on 7/16/2010. Thus, Class Counsel's claim is a complete fabrication. If Class Counsel attempt to explain away their lie by claiming that they did not review the docket sheet, then they made a representation to the Court that the bond had not been paid without any knowledge of the facts and without even checking the facts. Thus, at best Class Counsel made the statement without "an inquiry reasonable under the circumstances." *See,* FED. R. CIV. P. 11 (b).

Similarly, the allegations that the Motion regurgitates from a declaration of my opposing counsel in another case (Exhibit 4 to the Motion, Declaration of Scott Weinstein) are false. The attorney in that case violated the confidentiality of settlement talks and misrepresented those talks. For instance, while we did discuss a *cy pres* enhancement to the settlement, I did not have any way to "share in the proceeds of the contribution" and did not intend to do so if a *cy pres* enhancement had been achieved. Courts, including this Court, routinely consider *cy pres* payments in class actions as a benefit to the class, so there was nothing unethical about seeking a *cy pres* enhancement to that settlement. *See e.g., Francisco v. Numismatic Guaranty Corp. of America,* 2008 WL 649124 (S.D. Fla. 2008). Scott Weinstein was an opposing counsel who had a personal animosity towards me, so his allegations regarding what I said in confidential settlement negotiations are not trustworthy.

Nor did I act in bad faith in *Fresco I*. If Class Counsel believed that I acted unethically in *Fresco I*, they were under an ethical duty to report that. Florida Rules of Attorney Disciplinary Procedure Rule 4-8.3 (a). They did not do so because there was no unethical conduct by me or, to my knowledge, any other counsel in that case. Indeed, Class Counsel *agreed* to the dismissal of the appeal in *Fresco I*, so if they believed that dismissing the appeal without providing a benefit to the class was improper, they should not have agreed to the dismissal and had a duty to

2

bring that issue to the attention of the Court of Appeals. They did not do so because I did not do anything unethical in that case.

The Motion is also based on a fundamental misunderstanding about the duties of an attorney who represents a class member objecting to a proposed class settlement. The Motion is based on the erroneous premise that it is in bad faith for a lawyer to settle an objection on behalf of his client without benefitting the class. Unless the attorney is class counsel, his or her duty is to the client, not the class. If an offer is made to a client to resolve that client's claim and the client instructs the attorney to accept the offer, the attorney is under an obligation to accept the offer regardless of whether the offer benefits the class. Thus, the allegations in the Motion that my client withdrew the appeal in *Fresco I* without benefitting the class is not evidence that I acted in bad faith.

Of course, benefitting the client can also benefit the class sometimes. I have represented objecting class members in several class actions where the benefits I obtained for my client also benefitted the class. For instance:

    (1) I was an attorney for an objector to the class action settlement in *In Kingsborough v. Sprint Communications Co., L.P. et al.*, Civil Action No. 07-10651-LTS, District of Massachusetts. I objected to a settlement that would have granted easements to the Defendants on class members' property without class member's express consent, and my client did not want that easement. I objected that the unfair settlement could not be approved because the court lacked jurisdiction to approve the settlement. After preliminarily approving the settlement before the objection, the court agreed with me and no involuntary easements were granted against my client or class members.

    (2) I was an attorney for an objector to the class action settlement in *Edleson v. American Home Shield of Cal. Inc.*, Case No. 37-2007-00071725-CU-BT-CTL, in the San Diego Cal. Superior Court. I objected to the unfair settlement as providing no real benefits to the class. After preliminarily approving the settlement before the objection, the court agreed and rejected the unfair settlement.

    (3) I was an attorney for an objector to the class action settlement in *Park v. Thomson Corp.*, 633 F.Supp.2d 8 (S.D. N.Y. 2009) where the court preliminarily approved a settlement with a *cy pres* component that would have resulted in class members receiving

3

approximately $3 million under the settlement. I objected to the *cy pres* component and argued all funds should be paid to class members. After the objections, the parties amended the settlement to omit the *cy pres* component and the class members then received approximately $10 million under the settlement.

(4) I was an attorney for an objector to the class action settlement in *In Re: Department of Veterans Affairs (VA) Data Theft Litigation*, MDL No. 1796, District Court of the District of Columbia. I represented the sole objector to the $5 million attorney fee request and the court reduced the fee to $3.6 million.

I have represented objectors in opposing unfair class action settlements where (1) I obtained no benefits for the class or my client, (2) I obtained benefits for my client but not the class, and (3) I obtained benefits for both my client and the class. That fact that not every case is in Category 3 does not show bad faith. It simply means that, like any area of litigation, you win some cases, you lose some cases, and sometimes you end up somewhere in the middle. But a less-than-perfect outcome does not mean I acted in bad faith.

I respectfully ask the Court to Deny the Motion.

*/s/ Jeffrey L. Weinstein*
JEFFREY L. WEINSTEIN
518 East Tyler Street
Athens, TX 75751
903/677-5333
903/677-3657 – facsimile
Jeff@Longhornlawyer.com
Representing himself

## CERTIFICATE OF SERVICE

A copy of the foregoing was on September 13, 2010, delivered to the following:

    United States District Court Clerk's Office
    Wilkie D. Ferguson, Jr. United States Courthouse
    400 North Miami Avenue, 8th floor
    Miami, FL 33128

4

Tod Aronovitz, Esq.
Aronovitz & Associates
777 Brickell Avenue, Suite 850
Miami, Florida 33131

John A. Yanchunis, Esq.
James Hoyer Newcomber & Smiljanich, P.A.
3301 Thomasville Road
Suite A200
Tallahassee, FL 32308

Christopher Mason
Nixon Peabody, LLP
437 Madison Ave.
NY, NY 10022

Juan Enjamio
Hunton & Williams LLP
Mellon Financial Center
1111 Brickel Ave, Ste. 2500
Miami, FL 33131

_____
Jeffrey Weinstein

**ATTACHMENT A**

U.S. District Court
Southern District of New York (Foley Square)
CIVIL DOCKET FOR CASE #: 1:21-mc-00092-SAS-HBP

| Date Filed | # | Docket Text |
|---|---|---|
| 07/16/2010 | | CASHIERS OFFICE REGISTRY DEPOSIT dated 7/7/10, from Judge Judge Shira A. Scheindlin, received $25,000.00 from Objectors Receipt Number 909152 on 7/16/10. (mli) (Entered: 07/16/2010) |
| 07/15/2010 | 6231 | ENDORSED LETTER addressed to Judge Shira A. Scheindlin from Theodore A. Bechtold dated 6/30/10 re: Counsel in preparation for appeal in this case, require access to all sealed documents relating to the letters sent to the Court in 2005. ENDORSEMENT: Bechtold's request for access to all "sealed" documents and transcripts relating to the letters he sent to the Court in 2005 is hereby denied. These documents and transcripts include privileged and/or confidential information and Bechtold has not demonstrated a substantial need for these materials such that such a fundamental privilege should be waived. (Signed by Judge Shira A. Scheindlin on 7/15/10) (sac) (Entered: 07/16/2010) |
| 07/13/2010 | 6229 | MOTION for an order, requesting Reconsideration re; 6219 OPINION AND ORDER: #99069 for the foregoing reasons, plaintiffs' motion for a Rule 7 bond is granted. The Objectors are ordered to post a $25,000 bond for which all Objectors are jointly and severally liable. The Clerk of the Court is dir eted to close this motion re: terminated 6199 MOTION for Bond. Document filed by Leland L. Greene, Esq.(sac) (Entered: 07/16/2010) |
| 07/07/2010 | 6228 | TRANSCRIPT of proceedings held on June 17, 2010 at 9:30 am before Judge Shira A. Scheindlin. (eef) (Entered: 07/09/2010) |
| 07/07/2010 | 6227 | ORDER; #99162 Theodore A. Bechtold, counsel for approximately forty class members, has advised the Court that he believes the Garden City Group ("GCG") and the Plaintiffs' Executive Committee are improperly administering the settlement fund in this action. Bechtold urges the Court to order an audit by an unaffiliated third party examine GCG's process of sending mailings, evaluating documentation, and reviewing and rejecting claims. No audit is necessary at this time. Accordingly, Bechtold's request is denied. (Signed by Judge Shira A. Scheindlin on 7/7/10) (sac) Modified on 7/12/2010 (ajc). (Entered: 07/08/2010) |
| 07/07/2010 | 6226 | ORDER; on June 18, 2010, this Court issued an Opinion and Order directing the Objectors to post a $25,000 bond pursuant to Fed. R. |

| | | |
|---|---|---|
| | | App. P 7 for which all Objectors are jointly and severally liable. To date, the Objectors have yet to comply with this Court's order. Therefore, the Objectors are ordered to post the bond with the Clerk of the Court by 7/20/10. (Signed by Judge Shira A. Scheindlin on 7/6/10) (sac) (Entered: 07/08/2010) |