### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

RICHARD FRESCO, ET AL.
    Plaintiffs

v.

R.L. Polk & Co. and Acxiom Corp.
    Defendants

CASE NO.  07-cv-60695-JEM



## D.J. POWERS' RESPONSE AND OBJECTION TO PLAINTIFFS' MOTION FOR A BOND, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

## I.  Introduction

Objector and Appellant D.J. Powers ("Powers") objects to Plaintiffs' Motion For A Bond To Secure Payment Of Costs And Attorneys' Fees On Appeal, Doc. 161.  The Court should deny the motion for the following reasons:

1.  Powers' appeal and objection to the settlement contend that it is not fair, reasonable, or adequate to impose a class action waiver on class members.  Plaintiffs' argument that Powers' appeal and objection are "frivolous" and "canned" contradict the uncontested evidence before the Court:

- Plaintiffs' own class action expert, Professor Linda Mullenix, admitted on cross examination by Powers that the objection is *not* frivolous, is *not* canned, and that it raises an unresolved legal question.

> Q. So would you agree that the objection to the class action waiver here is not a frivolous objection.
>
> A. That's correct. *I would not consider it to be a frivolous objection.*

Dec. 7, 2009 Tr. at 114 (emphasis added).

1

- Class Counsels' claim that Powers' objection to the class action waiver is frivolous directly contradicts their own position in another recent case where they argued, *successfully, in this very courthouse*, that class action waivers are unfair, unconscionable, and unenforceable.

2. The underlying statute only permits recovery of attorneys' fees against "A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under [the DPPA]." Powers did not obtain, disclose or use any such information, so there is no basis to hold him liable for Plaintiffs' attorneys' fees, or to include them in a Rule 7 bond.

3. Powers filed the appeal in good faith and there is no evidence to the contrary.

4. There are substantial policy reasons for denying the Motion.

## II. The merits of the appeal

Powers objected to the settlement for a variety of reasons, but his primary objection is to the class action waiver provision that the settlement imposed on class members:

> The waiver of the right to file a class action is unfair, unreasonable, and illegal. For small statutory violations like those at issue here, the class action is often the only way class members will be able to obtain relief. Yet, the parties attempt to illegally take this right away from class members:
>
> > The Named Plaintiffs and Settlement Class Members waive their right to pursue, in the future, any Claims against the Released Parties that were or could have been brought in the Litigation … using the class action procedural device.
>
> Settlement Agreement, p. 39. This provision significantly prohibits the ability of class members to pursue actual damages claims. … Instead of one claimant or one group of claimants proving that Defendants' conduct violates the statute, this provision means that every individual class member with a claim – potentially millions of people – would have to reinvent the wheel and prove the same thing, unnecessarily wasting the courts' and the parties' time.

Doc. 95, p. 4-5. Plaintiffs base their Motion on the allegation that this objection is "frivolous" and "canned." Motion at 4, 19. The evidence before the Court and numerous cases directly contradict their claim.

**A. Plaintiffs' own expert testified that Powers' objection is neither frivolous nor canned.**

At the December 7, 2009 fairness hearing, Plaintiffs called their expert witness on class action matters, Professor Linda Mullinex. Upon cross-examination by Powers, Mullinex admitted that the propriety of class action waivers is a contested and unsettled area of the law, that the objection is *not* frivolous, and that the objection is *not* canned. Dec. 7, 2009 Tr. at 114-115. While Class Counsel claims the objection is frivolous, their own expert was unequivocal that the objection is *not* frivolous:

> Q. Okay. Let me talk to you then about the class action waiver objection. You said that it's sort of unsettled law. Did I understand that correctly? The class action waiver in a settlement of a class action?
>
> A. That's correct.
>
> Q. So would you agree that the objection to the class action waiver here is not a frivolous objection.
>
> A. That's correct. I would not consider it to be a frivolous objection.

*Id.* at 114 (Testimony of Linda Mullinex). Thus, Class Counsel's basis for their Motion contracts the sworn and uncontroverted testimony of their own class action expert.

**B. Class Counsel themselves admit that the objection is not frivolous**

Not only do Class Counsel contradict the sworn and uncontroverted testimony of their own expert when they allege that Powers' objection is frivolous, they contradict their own representations. As shown in Doc. 137, the two leading Class Counsel in this case, the James Hoyer firm and Aronitz firm, argued in *Caban v. JP Morgan Chase*, 606 F. Supp. 2d 1361 (S.D. Florida 2009) that class action waivers are unfair, unconscionable, and unenforceable. Judge

Jordan agreed and refused to enforce the class action waiver that the Plaintiff there had entered with Chase Bank.

The class action waiver here is even more unconscionable. In the *Chase* case, a consumer who wanted to refuse the class action wavier could simply refuse to do business with Chase and not agree to the waiver. But here, consumers had no right to refuse the class action waiver because this is a no opt-out class. Class Counsel – the same who claimed that class action waivers are unconscionable – forced the unconscionable waiver on their own clients in this settlement. Incredibly, they are now alleging that the same argument they made to Judge Jordan is "frivolous."

Class Counsel told Judge Jordan that a class action waiver is procedurally unconscionable, substantively unconscionable, and against public policy – and they were right. Their brief is available on Pacer as Doc. 21 from Docket No. 08-60910. At pages 7 – 12 of their brief they provide a powerful explanation of why class action waivers are procedurally unconscionable. But it is in the section on substantive unconscionability that Class Counsel's brief makes their strongest and most compelling claim, which caused Judge Jordan to rule in their favor:

> [M]ore critically, the arbitration provision would shield Defendant from any and all putative class actions, regardless of how egregious its misconduct or how numerous and identical its violations may be – effectively exculpating Defendant from its misconduct. Indeed, the arbitration provision is unconscionable because it frustrates one of the essential purposes of class actions – the efficient and consistent handling of numerous and similar small claims, which would not otherwise be cured. ... Simply put, Defendant's class action ban has the intended effect of shielding Chase from all litigation, and class litigation in particular, while prohibiting cardholders from exercising their rights to effectively and efficiently remedy their claims against Chase via the class action mechanism.

*Id.* at 13. Not surprisingly here, as Professor Mullenix admitted in cross examination, it appears to be the very intent of the parties to shield Defendants from the only effective and efficient

4

method class members have of asserting their rights against Defendants – through the class action. Dec. 7, 2009 Tr. at 117-118.

Finally, Class counsel's brief against class action waivers argued stridently that class action waivers are against public policy:

> [T]he arbitration provision should be held invalid for public policy reasons. [citing to Florida law] ... [The] arbitration provision, if upheld, would eradicate any potential for Plaintiff and similarly situated cardholders to assert their collective consumer rights and cure their injuries given the fact that their individual damages are small and the probability of securing legal representation on an individual basis is dubious, as is the likelihood of cardholders pursing their respective claims.

*Id.* at 18. Absolutely! Here the testimony from Professor Mullenix is uncontroverted that that is exactly what will happen here with the class action waiver – the "practical reality" as she put it is that the class action waiver will prevent most class members from enforcing their claims. Dec. 7, 2009 Tr. at 117-118.

Given Class Counsel's strong and successful arguments against class action waivers in *Caban*, it is highly hypocritical for them to claim that Powers' identical opposition to class action waivers in this case is frivolous.

### C. Case law supports the merits of Powers' appeal

A review of just a few cases shows that the appeal is not frivolous; indeed it is meritorious. For instance, this settlement is very similar to the one rejected by the 7th Circuit in *Crawford v. Equifax*, 201 F.3d 877 (7th Cir. 2000), where the "benefit" of the class settlement was to permit individual claims but prohibit class claims, and the Seventh Circuit reversed, noting:

> Members of the class other than [the named Plaintiff] receive no relief for harms that may already have been done. They gain nothing (the settlement does not include a concession of liability that would facilitate individual suits), but lose something: the possibility of any collective proceeding for damages. Because these are small-stakes cases, a class suit is the best, and perhaps the only, way to proceed.

*Id.* at 880.   That same rationale applies here as to class members who seek to pursue their individual claims:   they may pursue their individual claims against Defendants, but (1) the settlement does not include a concession of liability that would facilitate individual suits, (2) they lose the only way to effectively proceed with their claims, and (3) they receive no relief for harms that already have been done.   Indeed, Professor Mullinex admitted that the "practical reality" of the settlement was to eliminate the only reasonable means for class members to assert their claims.  Dec. 7, 2009 Tr. at 117-118.

The Seventh Circuit rejected the argument that class members are not harmed by a settlement that permits individual claims but prohibits class claims:

> only damages matter, yet all the settlement does for (to?) them is cut them off at the knees. They gain nothing, yet lose the right to the benefits of aggregation in a class.

*Crawford v. Equifax*, 201 F.3d at 882.   That same analysis applies here.   Instead of one claimant or one group of claimants proving that Defendants' conduct violates the statute in a suit for actual damages, this provision means that every individual class member –millions of people – would have to reinvent the wheel and prove the same thing in separate law suits, unnecessarily wasting the courts' and the parties' time.

In addition, courts across the country, including the 11th Circuit, have held that class action waivers are unconscionable and unenforceable. *See e.g., Brewer v. Missouri Title Loans, Inc.*, 2010 WL 3430411 (Mo. 2010); *Feeney v. Dell Inc.*, 908 N.E.2d 753, 763-764 (Mass. 2009); *McKee v. AT & T Corp.*, 191 P.3d 845, 858 (Wash. 2008);  *Fiser v. Dell Computer Corp.*, 188 P.3d 1215 (N.M. 2008);  *Dale v. Comcast Corp.*, 498 F.3d 1216, 1221 (11th Cir. 2007);  *S.D.S. Autos, Inc. v. Chrzanowski*, 976 So.2d 600, 606 (Fla. App. 1 Dist. 2007).   Powers' objection and appeal are supported by these and other cases, so are clearly not frivolous.

**III.The DPPA does not provide for the recovery of attorneys fees against class members.**

Attorneys' fees are part of "costs" that a losing Plaintiff/objector must pay only if the

underlying statute provides that the losing Plaintiff is liable for attorneys' fees. For instance:

> the term "costs" in Rule 68 was intended to refer to all costs properly ***awardable under***
> ***the relevant substantive statute*** or other authority. In other words, all costs properly
> awardable in an action are to be considered within the scope of Rule 68 "costs."

*Marek v. Chesny*, 473 U.S. 1, 9 (1985)(emphasis added). Thus, if attorneys' fees are not

"awardable under the relevant statute" against a Plaintiff, then those fees are not costs that may

be awarded against the Plaintiff/objector. Similarly, the Eleventh Circuit has said:

> As such, the reasoning that guided the Marek Court's determination that Rule 68 ***"costs"***
> ***are to be defined with reference to the underlying cause of action*** is equally applicable
> in the context of Rule 7.

*Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1332 (11th Cir. 2002)(emphasis added). If the

underlying statute only permits recovery of attorneys' fees against the Defendant in the

underlying cause of action, then those fees are not costs that may be awarded against the

Plaintiff/objector.

The relevant substantive statute and underlying cause of action here permit the recovery

of attorneys' fees ***only against the Defendants,*** not against other Plaintiffs:

> (a) Cause of action.--A person who knowingly obtains, discloses or uses personal
> information, from a motor vehicle record, for a purpose not permitted under this chapter
> shall be liable to the individual to whom the information pertains, who may bring a civil
> action in a United States district court.
>
> (b) Remedies.--The court may award--
> ...
> (3) reasonable attorneys' fees and other litigation costs reasonably incurred; and

18 U.S.C. § 2724. Thus, the statute only permits the recovery of attorneys' fees against the

Defendants, not a Plaintiff. The only person liable for attorneys' fees under the DPPA "cause of

action" is one "who knowingly obtains, discloses or uses personal information, from a motor

vehicle record, for a purpose not permitted under this chapter." Powers is not that person, so attorneys' fees may not be awarded against him, nor included in the Rule 7 bond.

Importantly, Congress consciously chose not to make the attorneys' fee provision reciprocal, that is, to allow a court in a DPPA case to award fees "to the prevailing party" as it did in other statutes. In *Pedrazza*, the Eleventh Circuit discussed three statutes that could potentially be the basis for including attorneys' fees in the Rule 7 bond required of a class action objector:

> § 1988 provides that "the court, in its discretion, may allow **the prevailing party**, other than the United States, a reasonable attorney's fee *as part of the costs*." 42 U.S.C. § 1988(b) (emphasis added). § 505 features identical language. See 17 U.S.C. § 505 ("[T]he court may ... award a reasonable attorney's fee to **the prevailing party** as part of the costs.") (emphasis added). By contrast, under RESPA "the court may award to **the prevailing party** the court costs of the action *together with* reasonable attorneys fees." 12 U.S.C. § 2607(d)(5) (emphasis added).

313 F.3d 1333 – 1334 (italics by Court, bold emphasis added). Unlike those statutes, the DPPA does not permit an award of fees to "the prevailing party." Instead, it only permits the attorneys' fee against a "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter." 18 U.S.C. § 2724. Nor did Congress create any other mechanism for awarding fees against a plaintiff, as it did in other statutes. *See e.g.*, 15 U.S.C. § 1692k (a)(3)("On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs"). There is simply no provision in the DPPA for awarding fees against a Plaintiff like the objector/appellants here.

Since the underlying cause of action does not permit one set of Plaintiffs to collect attorneys' fees from their fellow Plaintiffs, the Court may not include the Plaintiffs' alleged attorneys' fees in the Rule 7 bond.

## IV. Powers has not engaged in any bad faith or vexatious conduct.

While Plaintiffs characterize Powers as a "Weinstein objector," Motion at 1, and seek to impose a bond against Powers for alleged actions by Weinstein, Weinstein does not represent Powers in this case. Powers made it clear at the hearing of this case that he represented himself. Dec. 7, 2009 Tr. at 112. Powers filed his appeal "representing himself." Doc. 155. In the Motion itself Plaintiffs admit that Powers represents himself. Motion at 1. In addition, in the Certificate of Service to the Motion, Plaintiffs recognize that Powers represents himself. Motion at 26 (listing Powers as "pro se.").

Despite Plaintiffs' admission that Powers represents himself, Plaintiffs falsely told the Court in the Motion that "Plaintiffs/Appellees have conferred with *all* Objectors/Appellants, who all oppose the relief sought herein." Motion at 20 (emphasis added). Plaintiffs never contacted Powers about this Motion. Moreover, Plaintiffs told the court that they sent Powers a copy of the Motion. Motion at 26.[1] No such copy was ever received (instead, a copy was obtained from PACER).

Not only does Weinstein not represent Powers in this case, he did not represent Powers in any of the previous cases about which Plaintiffs made allegations concerning Weinstein. Even if

---

[1] The certificate of service states that a copy was sent "by U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing," which includes Powers.

all of the allegations regarding Mr. Weinstein were true, which they are not,[2] those facts would not have any tendency to make the existence of any fact that is of consequence to the determination of whether Powers has acted in bad faith in this case, so the allegations are not relevant. As such, the evidence is inadmissible. Fed. R. Evid. 402.

Moreover, as Plaintiffs admit at Motion p. 4, note 4, Powers did not object to *Fresco I*. Powers filed an objection to the proposed settlement only in this case, *Fresco II*, as authorized by the Court in its preliminary approval order and as permitted by Fed. R. Civ. P. 23 (e)(4)(A). Powers raised a non-frivolous objection, as shown above. Powers cross-examined Plaintiffs' expert and brought out significant admissions contradicting Plaintiffs' arguments regarding the class action waiver. Powers filed a closing brief, as permitted by the Court at the fairness hearing, showing that Class Counsel had taken a diametrically opposed position regarding class action waivers in another case. Doc. 137. Finally, Powers filed an appeal of the approval of the judgment approving the settlement, as he had the right to do under *Devlin v. Scardelletti*, 536 U.S. 1 (2002). Thus, there is no evidence of bad faith or vexatious conduct.

## V.  Policy reasons for denying the bond

A Rule 7 bond is optional and the Court should not impose a bond requirement here. FED. R. CIV. P. 7 ("the district court *may* require an appellant to file a bond")(emphasis added); *Young v. New Process Steel, LP*, 419 F.3d 1201, 1208 (11th Cir. 2005)("Because Rule 7 states the authority it gives in terms of "may," the district court may decide not to require an appeal bond or to require one that does not include the amount of the defendant's anticipated attorney's fees on appeal.").

---

[2] For instance, the Motion claims that "Weinstein, along with Siegel and Pentz, have yet to post the $25,000 appeal bonds they recently were ordered to make by Judge Scheindlin." Motion at 12. The Docket Entry for that case on 7/16/2010 shows that they did make the bond payment.

Powers' appeal raises an important legal issue of national importance: whether a district court may impose a class action waiver on class members despite the fact that many states consider such class action waivers to be unfair, unreasonable, and unconscionable. As Professor Mullinex herself noted, this is an unsettled area of the law. Dec. 7, 2009 Tr. at 114. Class Counsel negotiated a mandatory class, wherein class members had no right to exclude themselves, and the massive appeal bond they request would effectively eliminate class members' right to appeal. Thus, Class Counsel's Motion constitutes an incredible abuse of the class action process: Class Counsel puts Powers in a mandatory class, over his objection, and then seeks to deny his right to appeal that action by imposing a huge bond.

The Third Circuit has recognized the vital role objectors play in the class action process:

> [A] lawyer with objector status plays a highly important role for the class and the court because he or she raises challenges free from the burden of conflicting baggage that Class Counsel carries. The objecting lawyer independently can monitor the proposed settlement, costs, and fees for Class Counsel and, thus, aid the court in arriving at a fair and just settlement for the members of the class who individually are largely unrepresented. … [A]s the distinguished historian, Allan Nevins, wrote many years ago, from the conflict of ideas comes crystallization of thought. Objections serve a highly useful vehicle for the members of the class and the public generally; they require consideration by the court and its disposition of them usually provides reassurance that the settlement and the fees approved are fair and just.

*In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*, 278 F.3d 175, 202 (3d Cir. 2002) (J. Rosenn, concurring and dissenting). The majority in that case went out of its way to expressly agree with that discussion. *Id.* at 193 ("nothing we say is intended to detract from the important role of objectors' counsel that Judge Rosenn so eloquently notes in his concurring/dissenting opinion."). Class Counsel seeks to eliminate this important check on the class action process by imposing an excessive and illegal cost bond requirement. The court should deny the request.

11

Wherefore, Powers asks the Court to DENY the Motion and grant Powers such other and further relief as to which he may be entitled.

D.J. Powers
301 Park Lane
Austin TX 78704
512/444/1641
512/444-2056
djpowers@swbell.net
Representing himself

## CERTIFICATE OF SERVICE

A copy of the foregoing was on September 13, 2010, delivered to the following:

United States District Court Clerk's Office
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, 8th floor
Miami, FL 33128

Tod Aronovitz, Esq.
Aronovitz & Associates
777 Brickell Avenue, Suite 850
Miami, Florida  33131

John A. Yanchunis, Esq.
James Hoyer Newcomber & Smiljanich, P.A.
3301 Thomasville Road
Suite A200
Tallahassee, FL  32308

Christopher Mason
Nixon Peabody, LLP
437 Madison Ave.
NY, NY 10022

Juan Enjamio
Hunton & Williams LLP
Mellon Financial Center
1111 Brickel Ave, Ste. 2500
Miami, FL 33131

D.J. Powers

12